[ PHILADELPHIA, FEBRUARY 24TH, 1840. ]

FISHER *against* MORRIS.

DEMURRER.

In trespass *quare clausum fregit,* where the declaration describes the close with precision by metes and bounds, &c., the defendant may, nevertheless, plead *liberum tenementum.*

THIS was an action of trespass *quare clausum fregit,* &c. brought in this Court to December Term, 1838, by James C. Fisher against Samuel B. Morris.

The plaintiff declared for a trespass to his close, situate in the township of Moyamensing and county of Philadelphia; particularly describing it by courses and distances, metes and bounds, &c.

The defendant pleaded not guilty, and *liberum tenementum.*

The plaintiff joined issue on the first plea, and demurred specially to the second—assigning for causes of demurrer that the plea "amounts to the general issue, and tends to great and unnecessary prolixity of pleading; and also for that the said plea is argumentative in its nature, by reason of its affirming that the title to the close mentioned and described in the said declaration, is in the said defendant, whereas the said declaration avers the title to the said close to be in the plaintiff," &c.

Mr. *T. I. Wharton,* in support of the demurrer, cited 2 *Selw. N. P.* 496. 1 *Chitty's Plead.* 541, 670. *Lambert* v. *Strother,* (*Willes,* 218.) *Cocker* v. *Crompton,* (1 *Barn. & Cresw.* 489 ; 8 *Eng. Com.*

(Fisher v. Morris.)

*Law Rep.* 141.) *Stephens on Pleading,* 194, 458. *Kerr* v. *Chess,* (7 *Watts,* 370.) *M'Bride* v. *Duncan,* (1 *Wharton,* 269.)

Mr. *Williams* and Mr. *Meredith,* contra, cited 1 *Chitty's Plead.* 500. *Welsh* v. *Nash,* (8 *East,* 99.) 2 *Leigh's Nisi Prius,* 1447. 2 *Saund.* 635. *Stephen,* 335. *Outram* v. *Morewood,* (3 *East,* 346.) *Andrews,* 108. *Riley* v. *Parkhurst,* (1 *Wilson,* 219.) *Addleman* v. *Way,* (4 *Yeates,* 218.) *Pratt* v. *Groome,* (15 *East,* 234.) *Bro. Abr.* tit. *Barre.* Id tit. *Replevin. Year Book,* 5 *Hen.* 7. *Roscoe on Evidence,* 386.

The opinion of the Court was delivered by

SERGEANT, J.—The action of trespass *quare clausum fregit,* is founded on possession. To sustain it, the plaintiff must show that he was in the possession in fact of the premises at the time the injuries complained of were committed. The possession is a sufficient *prima facie* title for the plaintiff. His declaration technically states it to be his *close,* without more—not saying whether it is his by title, or that he was seised in fee simple, or for life, or possessed of an estate for years, or *vesturæ terræ,* or other estate. In law, he who has the actual possession of land, has the right against all but such as can show a right of possession against him. He who has the complete right of possession, may enter on the soil. His superior right is, in a civil suit, a justification of such entry. If the entry and detainer are peaceable, it is so in all suits. If forcible, he is liable to a criminal proceeding.

The plea of *liberum tenementum,* in trespass *quare clausum fregit,* is the mode of setting up this right of possession, by way of justification for the entry and acts done. It confesses all that is contained in the narr., viz., that the plaintiff had the possession, and that the acts set forth were committed by the defendant, but avoids the complaint by alleging a right to enter, and do the acts complained of. It does not deny the allegations of the plaintiff. It does not put them in issue. It sets up a new and distinct ground of defence; and if issue be taken on it by the plaintiff, this plea alone would throw on the defendant the burden of proof: and the narr. would be taken for granted as admitted. This distinguishes the present case altogether from that of *M'Bride* v. *Duncan,* (1 *Wharton,* 269,) where the action was trespass against personal property, and the pleas put in issue the plaintiff's property, and the other allegations of the declaration, and were in the end no more than saying that the defendants were not guilty, though in the body of the pleas they gave the reasons why they were not guilty; and to avoid the rule that prohibits pleading specially, what amounts to the general issue, and to take the case from the jury, the defendants used the device of giving colour by suggesting a bad title in the plaintiffs. Here nothing of the kind is done.

(Fisher *v.* Morris.)

It is true it has been frequently decided that the defence set up by this plea may be given in evidence on the general issue of not guilty. *Dodd* v. *Kyffin,* (7 *Term Rep.* 354.) *Argent* v. *Durrant,* (8 *Term Rep.* 403.) *Gilb. Ev.* 258. 1 *Leon.* 301. *Andrews,* 108. But it does not follow that because it may be given in evidence under the general issue, it cannot be pleaded special*ly.* In this respect it resembles the pleas of release, payment and others which are admissible on *non assumpsit,* but yet do not amount to *non assumpsit,* and may be specially pleaded. The practice has been in Pennsylvania, to plead this plea of *liberum tenementum,* usually with that of not guilty; not as the common bar, in order to compel a new assignment of the *locus in quo,* but as a substantive plea; and the English precedents furnish numerous instances of such pleas.

There are no doubt some difficulties attending this plea which are pointed out by Chief Justice WILLES in *Lambert* v. *Strother,* (*Willes Rep.* 218,) such as that it is not a full bar to the action; for though the place in question be the defendant's freehold, the plaintiff may have a good cause of action, as if he hold by lease under the defendant; or even though he had no right at all, if he has been in quiet possession a great while, &c. But he concludes that these pleas have long obtained, and it would be too much to over-rule them generally, though in some cases they ought not to be held good pleas. The learned editor of these reports, in a note, men-tions a case in which they have been decided not to be good; but that was trespass for taking chattels, where the ground of the writ is different. There is no reported case of trespass *quare clausum fregit* in which the plea of *liberum tenementum* has been overruled. It is constantly recognised in ancient and modern books of prece-dents and in the elementary treatises; and that it is traversable, is admitted in *Lambert* v. *Strother.*

Perhaps the meaning and operation of the plea have undergone some alteration by the lapse of time and the changes of the system of society. For Sir WM. BLACKSTONE says, that an estate of free-hold, *liberum tenementum,* or frank-tenement, is defined by Britton to be "the *possession* of the soil by a freeman." And St. Germyn tells us, "that the possession of the land is called in the law of Eng-land the frank-tenement or freehold." Such estate therefore as requires actual possession of the land, is, legally speaking, freehold, &c. 2 *Bl. Com.* 104. In this sense, the plea sets up possession as well as title. But the word freehold is now applied to the quantity of the estate; and the operation of the plea has been modified ac-cordingly. For says Stephen in his *Treatise on Pleading,* 335, this allegation of a general freehold title, will be sustained by proof of *any* estate of freehold, whether in fee, in tail, or for life only, and whether in possession or expectant on the determination of a term of years. But it does not apply to the case of a freehold estate in

(Fisher *v.* Morris.)

remainder or reversion expectant on a particular estate of freehold, nor to copyhold tenure. And he cites 5 Hen. 7, 10, a. pl. 2, which shows that where there is a lease for years it must be replied in confession and avoidance, and is no ground for traversing the plea of *liberum tenementum.*

Without however pursuing an inquiry, now more a matter of curiosity than of use, it is sufficient to say, that long and established practice has recognised the plea; and the reason of it appears to be equally applicable, whether the close is specially or generally de-scribed in the plaintiff's narr., or designated in a novel assignment.

Demurrer overruled.