106 McLean *v.* Farden *et al.* [Sept. T.,

Syllabus. Statement of the case.

## George W. McLean

*v.*

## Ralph Farden *et al.*

1. Possession—*what constitutes.* Entering upon land, partial fencing and slight cultivation, cutting timber, and exercising continuous public acts of ownership, constitute actual possession which the courts will protect.

2. Same—*paramount title.* Such possession may be maintained in an action of trespass *quare clausum fregit* against a party intruding without paramount title. In the absence of title on either side, priority of possession prevails.

3. Legal possession—*when not necessary.* Legal possession, as strictly defined, is not necessary to a party in actual possession, even though wrongfully acquired, to constitute a defense against a mere intruder not having a better title.

4. Same. The person having the actual possession will be deemed the true owner until the contrary is made to appear. Whoever would dispute that possessory right, can only do so by exhibiting paramount title.

Appeal from the Circuit Court of Peoria county; the Hon. Sabin D. Puterbaugh, Judge, presiding.

This was an action of trespass *quare clausum fregit,* upon the southeast quarter of the northeast quarter of section 14, township 11 north, range 8 east, in Peoria county, brought before a magistrate, resulting in a judgment for the plaintiff, from which the defendant took an appeal to the circuit court. Upon trial in that court the verdict went for the original defendant. The motion of McLean for a new trial was overruled, and judgment entered against him for costs, from which judgment he appeals to this court.

It appears that McLean purchased the tract of one Davenport, on December 11, 1867, giving notes and receiving a bond for a deed, the land being then vacant and unoccupied. On the day after the purchase he set four posts; about a year after, he nailed poles to these posts, and in the spring of 1869 set out a few fruit trees and burned off the underbrush from

nearly the whole tract. In the spring and summer of 1870 he made fences, grubbed and cleared, inclosed a field, raised a crop, etc. He continuously, from the time of purchase, took his firewood from the land, and claimed ownership by keeping watch of it, warning off trespassers, etc.

On the other hand, it appears that the appellees, on the 2d of May, 1870, caused four posts to be set upon the land, which were, soon afterwards, taken up by appellant and used in his fence upon the same land; and that, about September 12, 1870, appellees cleared away trees and shrubbery and erected a small house upon the lands. There is mention in the papers, but no evidence, that appellees had a deed for the land.

Messrs. Cooper & Moss for the appellant.

Messrs. O'Brien & Harmon, for the appellees.

Mr. Justice Scott delivered the opinion of the Court:

The appellant, and Mrs. Susan Farden, under whom the appellees seek to justify their acts, both claim to own the land in controversy on which the alleged trespasses were committed.

It is not denied that the appellees did enter upon the premises and cut some trees, and did other acts to the realty for which the appellant could rightfully recover if he had been previously in the actual possession. The only question presented is, whether the appellant did have the requisite possession of the tract of land in dispute prior to the committing the acts complained of, that would enable him to maintain trespass for injuries to the realty.

The disputed facts in the record are upon this point, but we regard the evidence as greatly preponderating in favor of the possession of the appellant, so much so, at least, that we are of opinion that a new trial should be awarded and the cause submitted to another jury.

Neither party introduced, or made proof of, paramount title, but the object of the paper title offered in evidence was to show the extent of the possession claimed.

The land is timbered land, and was never all inclosed by the appellant or any one else. It lies near the home farm of the appellant. In aid of the acts relied on to constitute possession, and for the purpose of showing good faith and the extent of his possession, the appellant offered in evidence a bond for a deed to the premises, executed to him by Davenport in the year 1867. From the time of receiving this bond the evidence does show that the appellant cut timber off the premises for the purposes of fuel, and did other acts manifesting an intention to assert dominion over the entire tract of land, such as warning off trespassers and claiming it as his own.

At what date the appellant made the first improvements on the land, is involved in some doubt, and there is very serious conflict in the evidence on this point. In view of the evidence, it can not be gainsaid that the appellant did have some improvements on the land prior to the date the appellees entered on it, which had attracted the attention of parties residing in the immediate vicinity. The appellee, Ralph Farden, the husband of Mrs. Farden, under whom the appellees attempt to justify, admits in his testimony that he knew, before he and the other appellees went upon the land, that the improvements on it had been made by the appellant, for "such was the general talk."

The improvements were not of an extensive or very valuable character, but, nevertheless, they were such as would manifest an intention to reduce the land to possession for the purpose of actual and permanent occupation. And this is all that is required to constitute possession. It is not necessary that a party should have his land all inclosed with a fence before he can be said to be in actual possession. Any class of improvements or acts of dominion that indicate to persons residing in the immediate neighborhood who has the exclusive control of the land, will be deemed to constitute possession to the extent of the paper title under which such party entered, so as to enable him to maintain trespass for any injury to the estate.

It will be found to be difficult to state any general rule as to what character of improvements or acts will be sufficient for this purpose. Every case must rest on its own facts. It has been held that the constant and uninterrupted use of timbered land through a series of years for the purpose of procuring wood therefrom for fuel, fences and other uses, will be sufficient to constitute actual possession so as to enable a party to maintain trespass for any encroachment upon it. *Davis* v. *Easley,* 13 Ill. 192; *Brooks* v. *Bruyn,* 18 Ill. 539; *Same* v. *Same,* 24 Ill. 372.

In the case at bar, the appellant undoubtedly used the disputed tract of land for the purpose of procuring therefrom his fuel from the time he purchased it, and openly maintained his right so to do by warning off trespassers and claiming it as his own. It is certainly established, by a clear preponderance of the evidence, that the improvements made by the appellant were placed on the land prior to the entry made by the appellees. The attention of a number of witnesses was called to the improvements sometime prior to the committing of the injuries complained of.

It is apparent that it was the purpose of Mrs. Farden, through the instrumentality of the appellees, to invade and wrest from appellant the possession with which to defend her supposed title to the land. This, the law will not permit her to do. Whatever title she may have had, she ought to assert in the courts.

If the appellant was in possession, as the evidence tends most strongly to show, he was entitled to hold the land as against all the world, except the party holding the paramount title. So far as this record shows, Mrs. Farden did not claim to have the paramount title.

In this view, the first instruction given for the appellees does not state the law accurately. By it, the jury were instructed in substance that, unless the appellant had the "legal possession," the law was for the appellees. This was error. It is immaterial, under the facts in this record, whether the

possession of the appellant was legal or illegal. The appellees did not pretend to justify their acts under any one who claimed to have the paramount title. A party in possession, no matter how acquired, is entitled to maintain it against any mere intruder or wrong doer. The person that hath the actual possession of land will be deemed, and held to be, the true owner, until the contrary is made to appear. Whoever would dispute that possessory right, can only do so by exhibiting paramount title.

.For the reasons given, the judgment is reversed and the cause remanded.

*Judgment reversed.*