# Collins, Appellant, *v.* Beatty.

*Trespass quare clausum fregit, when maintainable.*

Trespass quare clausum fregit cannot be maintained if the defendant was in possession of the locus in quo when the alleged trespass was committed, and had been in possession for some years previous thereto.

Argued Feb. 1, 1892. Appeal, No. 394, Jan. T., 1891, by plaintiffs, Joseph Collins et al., from judgment of C. P. Montgomery Co., on verdict for defendant, James Beatty, Sr. Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and HEYDRICK, JJ.

Trespass quare clausum fregit.

The facts as stated by the court below (WEAND, J.) in refusing a motion for a new trial were as follows :

" It appears that both parties had bought the lots in question under a parol contract from one Fulton, Beatty's being prior. No deed had passed to either, but both had paid part of the purchase money. Beatty, however, went into possession, or at least exercised acts of ownership by doing the very acts here complained of. Subsequently the premises were sold at sheriff's sale on a prior lien. The lots in question were bought by Mr. Boyd, who conveyed to plaintiff, and by Mr. Rhoads, who conveyed to defendant. This was done to perfect their parol titles. The sheriff's deeds to both parties for the same lot were acknowledged and delivered the same day. When Mrs. Collins went to take possession of her lot, she found Beatty already in possession by exercising acts of ownership over it, as he had done for several years before; and this appears from both plaintiff's and defendant's testimony. Beatty therefore, even if he has not as good or better title than Mrs. Collins, was in possession, and hence this suit cannot be maintained."

The court charged the jury as follows: " Gentlemen of the jury, under all the evidence in this case, the court instructs that it is your duty to render a verdict in favor of the defendant." [1]

Verdict and judgment accordingly. Plaintiff appealed.

*Errors assigned* were, inter alia, (1) the charge of the court; (2–5) withdrawing the case from the consideration of the jury.

*James B. Holland*, with him *William F. Meyers* and *Daniel Dougherty*, for appellant.

*N. H. Larzelere, M. M. Gibson* with him, for appellee.

PER CURIAM, March 28, 1892:

We do not think the court below erred in giving the jury a binding instruction in favor of the defendant. The action was trespass quare clausum fregit, and the plea "not guilty." The evidence showed the defendant to have been in possession of the locus in quo at the time the alleged trespass was committed, and for some years before. Under such circumstances the action of trespass cannot be maintained.

Judgment affirmed.