## Hartley *v.* Spencer, Appellant.

*Trespass—Trespass clausum fregit — Possession of land — Evidence.*

In an action of trespass quare clausum fregit to recover damages for trespasses to improved real estate the plaintiff must prove not only his title to or ownership of the land, but, also, that he was in actual possession of it at the time the alleged trespasses were committed.

Where the defendants were admittedly in possession of the land in dispute under a claim of right, at the time the plaintiff acquired his alleged title to it, and for many years before that, the plaintiff cannot maintain an action of trespass, unless he produces evidence at the trial showing that he had gained possession of the land and held it at the time the alleged trespasses were committed. If he

does not do this his action is premature and he must first establish his title by an action of ejectment.

Argued October 25, 1920. Appeal, No. 93, Oct. T., 1920, by defendants, from judgment of C. P. Wyoming County, April T., 1910, No. 3, on verdict for the plaintiff in the case of S. B. Hartley v. C. L. Spencer and Harry A. Spencer. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Trespass quare clausum fregit. Before GARMAN, J., specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $200 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was the refusal of defendants' motion for judgment non obstante veredicto.

*J. M. Kelly* and *W. D. B. Ainey,* and with them *O. Smith Kinner,* for appellants.—The plaintiff could not maintain the present action because he was not in actual possession of the land in question: Rifener v. Bowman, 53 Pa. 313; Baring v. Pierce, 5 W. & S. 552; Collins v. Beatty, 148 Pa. 65-66; Weisfield v. Beale, 231 Pa. 41; Griffin v. D. & H. Co., 257 Pa. 431-441.

*E. B. Farr* and *A. A. Vosburg,* for appellee.

OPINION BY KELLER, J., March 5, 1921:

This was an action of trespass to recover damages for breaking and entering plaintiff's close. It must therefore be decided according to the legal principles applicable, before the Act of May 25, 1887, P. L. 271, to an action of trespass quare clausum fregit: Griffin v. Delaware & Hudson Co., 257 Pa. 432.

The land upon which it was alleged the defendants had trespassed was a small lot in the Borough of Nichol-

son, located between Prospect street and the tracks of the Delaware, Lackawanna & Western Railroad Company, and lying west of Prospect street. It was used as a dock to load and unload material shipped on the railroad and was improved land. The plaintiff, in order to recover in the action, therefore, had to prove not only his title to or ownership of the land, but also, that he was in actual possession of it at the time the alleged trespasses were committed; the constructive possession attaching to wild or unimproved land would not be sufficient: Caldwell v. Walters, 22 Pa. 378; Enterprise Transit Co. v. Hazelwood Oil Co., 20 Pa. Superior Ct. 127.

The defendants were admittedly in possession of the land in dispute under a claim of right at the time the plaintiff acquired his alleged title to it, and for many years before that, counting the possession of their predecessors in title; and, therefore, unless the plaintiff produced evidence on the trial showing that he had gained possession of the land and held it at the time the alleged trespasses were committed, he cannot maintain this action but must first establish his title by action of ejectment: Crawford v. Forest Oil Co., 208 Pa. 5, p. 15; Reilly v. Crown Petroleum Co., 213 Pa. 595.

The plaintiff's title was based on a deed from Aaron C. Bond, dated June 28, 1893, for a tract of land containing one acre, more or less, bounded on the north by land of A. W. Stephens, on the east by land of George F. Sprague, Wm. Johnson and the M. E. church, on the south by State street and on the west by Prospect street. On its face, therefore, it included no lands west of Prospect street. On June 2, 1904, however, he procured a quitclaim deed from the executor of Rasselas Searle's will, who had conveyed the land to Bond in 1891, in which the western boundary of the tract was described as the easterly boundary of the right-of-way of the main line of the Delaware, Lackawanna & Western Railroad Company, but no other change was made in the descrip-

tion; Railroad street was not mentioned in either deed. The plaintiff held undisputed possession of the entire tract east of Prospect street but it was denied that he was ever in possession of any land west of that street.

The defendants claimed title through deeds from Arah Squier's assignees dated January 11, 1879, and Rasselas Searle, dated September 11, 1884, for a tract of land containing about 3,000 square feet, bounded on the north by lands of Solomon Taylor, on the east by Prospect street, on the south by Railroad street (since abandoned), and on the west by the Delaware, Lackawanna & Western Railroad Company's land. They were admittedly in possession of the land in dispute under such claim of title for a number of years prior to 1893 and had leased it as a dock to various tenants who used it almost daily for that purpose; one of them, H. D. Tiffany was in such possession when the plaintiff got his deed in 1893. They or their tenants continued in such use and occupancy down to the bringing of this suit.

Now how does the plaintiff allege he acquired the possession necessary to support his case? He testified that it was founded on the following circumstance: Shortly after getting his deed in 1893, and at least ten years before he had any paper title, even by quitclaim deed, calling for an adjoinder west of Prospect street, he hauled two loads of stone upon the dock, when he was notified by Tiffany that he held the dock under lease from Spencer and was forbidden to use it. He unloaded the stone on the dock and left it there and did not know what became of it. For ten years thereafter, or as long as Tiffany was in possession of the dock as Spencer's tenant, he did nothing further. In addition, at scattered intervals between 1904 and 1909, while the defendants and their tenants were using the land almost daily, the plaintiff alleges he shipped one car of grain and five cars of stone from the dock and employed one Pratt to make some repairs to the stone wall. That was the sum total of his alleged possession. It is not asserted that the defendants

had knowledge of or acquiesced in this use or that it interfered in any manner with the continued use and possession of the dock by the defendants and their tenants. On the contrary during all these years, from 1893 to 1909, the plaintiff frequently tried to get defendants' permission to use the dock and as he himself put it: "I was refused all the way from the first to the finish;" and when asked why he did not use the dock said: "Because I wasn't allowed to do it;" and again "I was trying to get possession but did not." His possession of the lot east of Prospect street could not attach to the lot west of said street of which he was not in possession. The burden of his complaint, as shown in his testimony, throughout the trial was not that he was ousted of his possession of the land by the defendants but that he was unable to get possession of it.

Giving the plaintiff the benefit of every intendment in his favor arising out of the evidence, we are all of the opinion that there was no evidence of his possession of the land in question sufficient to go to the jury and the court below should have so ruled as a question of law: Baring v. Peirce, 5 W. & S. 548, p. 552; Collins v. Beatty, 148 Pa. 65.

The first, third and ninth assignments of error are sustained. The refusal of the trial judge to grant a compulsory nonsuit is not assignable error: Lehman v. Kellermann, 65 Pa. 489. It is not necessary to discuss the remaining assignments in detail, further than to say on the question of title that even if the jury found that the dock was located south of the northern line of the abandoned Railroad street, the plaintiff's title to the land was not thereby established, as might be inferred from the judge's charge. It was incumbent upon him to prove that it was located within the lines of his land. If he failed to do so he failed to establish his title.

The judgment is reversed and the record is remitted to the court below with directions to enter judgment for the defendants non obstante veredicto.