# Kossell, Appellant, *v.* Rhoades.

*Timber—Unlawful cutting—Trespass—Possession—Adverse possession—Residence—Cultivation, etc.*

1. Plaintiff, in an action to recover damages for the unlawful cutting of trees, must not only show title or ownership of the

land, but also possession or right to immediate possession at the time of the trespass.

2. While a warrant for unimproved lands gives to the owner such constructive possession as will enable him to maintain trespass, it cannot be effective against one who has an actual adverse possession of the land.

3. Actual possession may be by residence without cultivation or by inclosure and cultivation without residence.

4. Where, in an action for unlawful cutting of timber on unimproved land, plaintiff claims by a record title, but does not aver or show possession and the defendant shows actual possession for more than forty years, plaintiff cannot maintain the action, but must first establish title by an action of ejectment.

Argued September 28, 1921. Appeal, No. 52, Oct. T., 1921, by plaintiff, from judgment of C. P. Somerset Co., Dec. T., 1919, No. 100, on verdict for defendant, in case of Annie M. Kossell v. Elmer E. Rhoades et al. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for unlawful cutting of timber. Before SLOAN, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned,* inter alia, was refusal of plaintiff's motion for judgment n. o. v.

*E. E. Kiernan,* with him *Frank R. Coder,* for appellant.—Adverse possession must be specially pleaded and the facts clearly set forth on which defendant relies to prove his case, in his affidavit of defense: Barclay v. Barclay, 206 Pa. 307; Murphy v. Taylor, 63 Pa. Superior Ct. 85.

*Charles H. Ealy,* with him *Charles F. Uhl* and *Clarence L. Shaver,* for appellees.—To maintain the action of trespass, there must be in plaintiff either actual pos-

session or the right of immediate actual possession, flowing from the right of property: Olewine v. Messmore, 128 Pa. 470; Lewis v. Carsaw, 15 Pa. 31; Weitzel v. Marr, 46 Pa. 463; Rifener v. Bowman, 53 Pa. 313; Hartley v. Spencer, 75 Pa. Superior Ct. 449; Wilkinson v. Connell, 158 Pa. 126; Collins v. Beatty, 148 Pa. 65.

OPINION BY MR. JUSTICE KEPHART, January 3, 1922:

Plaintiff, to recover damages for the unlawful cutting and conversion of trees, must show not only title or ownership of the land but also possession or the right to immediate possession at the time of the trespass: Lewis v. Carsaw, 15 Pa. 31, 34; Crawford v. Forest Oil Co., 208 Pa. 5, 15; Reilly v. Crown Petroleum Co., 213 Pa. 595, 600. While a warrant for unimproved land gives to the owner such constructive possession as will enable him to maintain trespass, it cannot be effective against one who has an actual adverse possession of the land: Baker v. King, 18 Pa. 138, 144; Irwin v. Patchen, 164 Pa. 51, 67. A fence, partly stone and partly rail, built for more than forty-five years, separates the lands occupied by plaintiff and defendant, and that in dispute lies within defendant's lines. While there was no fence separating the locus in quo from his cultivated or cleared lands, it was used for pasture, for cutting timber as needed and other uses. Actual possession may be by residence without cultivation or by inclosure and cultivation without residence: Olewine v. Messmore, 128 Pa. 470, 482. While there may have been fugitive trespasses on this land by plaintiff, they were not sufficient in themselves to constitute possession; plaintiff does not aver possession in her statement of claim; nor is there other evidence of her possession. Under these facts, constructive possession attaching to wild or unimproved land is not sufficient (Caldwell v. Walters, 22 Pa. 378, 380), as defendants were admittedly in possession under a claim of right for many years prior to the institution

of this suit, sufficient to give them title by adverse possession if their evidence is believed by the jury.

The question of constructive possession passes out of a case when uncontradicted evidence of actual possession appears. Plaintiff, however, failed to establish actual possession, and, as defendant introduced much evidence of adverse possession for forty years or more, plaintiff cannot maintain this action of trespass, but must first establish her title by action of ejectment.

The court below submitted to the jury all questions in the case through some misunderstanding of counsel, and ultimately, for the reason above set forth, refused plaintiff's motion for a new trial and judgment n. o. v. The case should not have been submitted to the jury and defendant's point for binding direction should have been sustained: Baring v. Peirce, 5 W. & S. 548, 552; Collins v. Beatty, 148 Pa. 65. Plaintiff's right to institute her action of ejectment is not barred by this decision.

Judgment affirmed.