# Humes, Exrx., Appellant, v. Kramer.

*Trespass quare clausum fregit—Possession by plaintiff—Title—*
*Ejectment—Ouster—Nonsuit.*

1. Actual possession of land, or the right to immediate possession in the plaintiff, is an essential element to the maintenance of trespass quare clausum fregit.

2. The temporary occupancy of land by an intruder does not constitute an ouster of possession so as to prevent recovery.

3. If the person alleging trespass has actual or constructive possession, and the person alleged to be intruding has no possession under a claim of right or color of title, no question of title is involved, which must first be settled by an action of ejectment.

4. An action of trespass against an adjoining owner of land may be maintained, where the defendant directed the drilling of an oil well by a third party on plaintiff's land, without any right or claim of ownership, and it appears that plaintiff's title was undisputed in the pleadings, and that she had actual possession of her farm as a whole to the boundary line, or a right to the immediate possession thereof.

5. In such case it is reversible error for the trial court to enter a nonsuit and refuse to take it off.

Argued March 18, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 15, March T., 1926, by plaintiff, from order of C. P. Butler Co., Sept. T., 1924, No. 14, refusing to strike off nonsuit, in case of L. DeNetta Humes, Executrix of last will of Elizabeth C. Humes, deceased, v. L. E. Kramer. Reversed.

Trespass for entry on land. Before ANDREW B. SMITH, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Nonsuit; refusal to take off. Plaintiff appealed.

*Error assigned* was order, quoting record.

*James M. Galbreath,* with him *Howard I. Painter,* for appellant.—Plaintiff's possession was such as to enable her to sustain an action of trespass: Crawford v. Forest Oil Co., 208 Pa. 5; Reilly v. Petroleum Co., 213 Pa. 600; Vanderslice v. Donner, 26 Pa. Superior Ct. 319; Bastian v. Phila., 180 Pa. 227.

Plaintiff was not bound to resort to an action of ejectment to recover possession of the land before bringing an action of trespass.

Defendant was a party to the trespass by pointing out to his lessee as the line of his farm what was not the true line, and by receiving the oil produced from the well and the proceeds therefor: McCloskey v. Powell, 138 Pa. 383.

*James E. Marshall,* with him *Zeno F. Henninger,* for appellee.—Appellant failed to show that she was ever in actual possession of the land in question: Kossell v. Rhoades, 272 Pa. 75.

Appellant should have brought ejectment: Kossell v. Rhoades, 272 Pa. 75; Crawford v. Oil Co., 208 Pa. 5; Reilly v. Petroleum Co., 213 Pa. 595; Mather v. Trinity Church, 3 S. & R. 509; Hartley v. Spencer, 75 Pa. Superior Ct. 449; Vanderslice v. Donner, 26 Pa. Superior Ct. 319.

OPINION BY MR. JUSTICE SADLER, April 12, 1926:

The plaintiff, Miss Humes, took possession and control of her father's farm, which had been devised for her benefit during life, or so long as she remained unmarried. In 1921, the owner of the adjoining land, Kramer, leased his property to an oil company, personally pointing out the boundaries of the tract, and it drilled an oil well. Surveys showed this to be located on plaintiff's side of the line, and, after notice of the alleged trespass was given, an action was instituted to recover damages sustained. There was no denial of ownership by the Humes estate of the land in question, but actual possession of the portion occupied by the well was denied. The

oil company was seemingly of the mistaken belief that the drilling was on the Kramer side, but no evidence was offered at the trial which followed, to show any title in him to the land used, as the testimony on behalf of the plaintiff alone was heard.

Evidence was produced to show the true division, and the actual possession of the improved property by Miss Humes or her tenant, except as affected by the temporary occupation by the oil company's well. At the conclusion of the claimant's case, a compulsory nonsuit was entered, which the learned court below refused to remove, on the theory that physical possession of the land was not in the plaintiff, though indisputably the title was, basing, in part, its conclusion on the statement of claim filed, which set forth that occupation had been taken from her by the oil company, lessee of Kramer, and that it was in control of the part on which the well was drilled. It further relied on an answer to a question made by defendant, when called for cross-examination, that he pointed out to his lessee a location on his side of the line, though the fact that the well was put down to the south of it was testified to by others, making the question one at least for the jury to pass upon.

This appeal questions the ruling made. It will be noticed, first, that ownership of plaintiff was admitted, though actual possession was denied, but it is not claimed that the occupant had entered upon the land by color of title. There is nothing to show anything more than an intrusion across the boundary line by one without right. It is no defense that the wrong was committed by the oil company, the lessee, which followed the instructions of Kramer, if the plaintiff can recover for the trespass in this action: McCloskey v. Powell, 138 Pa. 383, s. c., 123 Pa. 62; Olson v. McLaughlin, 64 Pa. Superior Ct. 354.

Had it been claimed in the pleadings that the true line was farther to the south, then a question of title would have come in question, which, under the Act of 1887,

could be raised by the general plea of not guilty, and, since the Practice Act of 1915, by affidavit of defense. Before the legislation referred to, the special plea of liberum tenementum would have been interposed (Fisher v. Morris, 5 Whart. 358), and the ownership specifically and finally passed upon, as if an action in ejectment had been at issue: Stevens v. Hughes, 31 Pa. 381; Smucker v. R. R. Co., 6 Pa. Superior Ct. 521. Such procedure for the prompt determination of disputed questions of title, arising in actions of trespass, is prescribed by rules of court in Butler County (Rule 24), which regulations are effective notwithstanding the practice acts (3 T. & H. Pr. 2175), and may now be taken advantage of under the general plea, or by affidavit of defense: Zion Church v. Light, 7 Pa. Superior Ct. 223. There is, however, no claim of possession in the defendant, or his lessee, in this case, by title or color of title. "The intendments are taken most strongly against the pleader, for he is presumed to have stated all the facts involved, and to have done so as favorably to himself as his conscience will permit": Maguire v. Preferred Realty Co., 257 Pa. 48, 52. What the evidence might have developed had the nonsuit not been entered, is merely a matter of conjecture.

The lack of actual possession by the plaintiff is depended upon to defeat a recovery, since that element is essential to the maintenance of the action of trespass quare clausum fregit: Collins v. Beatty, 148 Pa. 65. If one be the owner of unimproved land, then the occupancy may be either actual or constructive, and either is enough to justify the institution of suit; where improved, this is not so, and more than an implied holding must appear: Kossell v. Rhoades, 272 Pa. 75. But, in the latter case, the right to immediate possession by the plaintiff will suffice (Kossell v. Rhoades, supra; Crawford v. Forest Oil Co., 208 Pa. 5; Lewis v. Carsaw, 15 Pa. 31; Weitzel v. Marr, 46 Pa. 463; Becker v. Smith, 59 Pa. 469), a privilege which naturally follows from

undisputed ownership within the lines as testified to. It has been said "if both parties are in some sense in possession, such mixed possession inures to the benefit of him who has the legal title": 38 Cyc. 1013. And the temporary occupancy of the land by an intruder does not constitute an ouster of possession so as to prevent recovery: Hughes v. Stevens, 36 Pa. 320; Rifener v. Bowman, 53 Pa. 313; Wilmoth v. Canfield, 76 Pa. 150. The holding set up by defendant must be more than a mere invasion of the adjoiner's rights in order that the right of the owner to sue in trespass be defeated: Vanderslice v. Donner, 26 Pa. Superior Ct. 319. "Where one intrudes upon the land of another, the latter has choice of remedies; he may compel a withdrawal of the intruder, or he may regard the intrusion as a permanent trespass and recover compensatory damages therefor": Baugh v. Bergdoll, 227 Pa. 420, 423; Piper v. Queeney, 282 Pa. 135.

If, however, the claimant has no actual or constructive control or right to immediate possession, then the question of the title is involved, a matter to be preliminarily determined in an action of ejectment, though it has been held that even in such cases damages may be recovered for the original wrongful entry, but not for the injury suffered thereafter until the ownership is determined at law: Smucker v. P. R. R. Co., 6 Pa. Superior Ct. 521. When the title to the locus in quo is in question, and defendant has possession under a claim of right, such as by adverse holding, the legal remedy to oust the occupant must first be resorted to: Crawford v. Forest Oil Co., 208 Pa. 5; Reilly v. Crown Petroleum Co., 213 Pa. 595; Hartley v. Spencer, 75 Pa. Superior Ct. 449; Griffin v. D. & H. Co., 257 Pa. 432; Warrington v. Brooklyn Trust Co., 274 Pa. 80. A like rule is applied in the equity courts, and what are known as ejectment bills meet with condemnation, and relief is not ordinarily granted until title has been fixed at law. But even in such cases, where the right of complainant is clear (Onorato v. Car-

lini, 272 Pa. 489; Pile v. Pedrick, 167 Pa. 296), or the evidence at the hearing had is such as would make necessary binding instructions for the plaintiff as to the validity of the claim asserted, a decree will be entered as prayed for: Richmond v. Bennett, 205 Pa. 470; Miller v. Lynch, 149 Pa. 460; Lauderbach-Zerby Co. v. Lewis, 283 Pa. 250.

In the proceeding now before us, the title to the land involved was undisputed, and there was evidence of the actual occupancy of the plaintiff of the farm as a whole to the boundary line established by the survey, or that she had the right to immediate possession thereof. It appeared, at most, that an intruder, without claim of ownership, had come upon her ground, though he may have been mistaken as to the location of the dividing line. A prima facie case was made out, which required submission to the jury. If any further facts could be introduced, showing lack of possession, and that the land was held under honest color of title, these were matters for defense, which should have been asserted in the affidavit of defense, and established by proper proof. After all the evidence was offered, the court might have found such a dispute as to the point of division of the two farms in question as to require a preliminary determination in ejectment, but, as the record stood at the close of plaintiff's case, this could not be declared as matter of law. On a retrial, the controlling facts involved may be more fully elucidated, and the damages suffered, if any, more accurately proved, but, as the record stands, plaintiff was entitled to have her claim passed upon, and a compulsory nonsuit should not have been granted.

The judgment is reversed with a venire facias de novo.