DELL COAL COMPANY *v.* COUNTY COURT OF BOONE
COUNTY

(No. 7624)

Submitted November 1, 1934. Decided November
27, 1934.

*Fulton & Riddle* and *Leftwich & Shafer*, for plaintiff
in error.
*Walton Shepherd, Jr.*, for defendant in error.

KENNA, JUDGE:

Dell Coal Company brought this action of trespass on the case in the circuit court of Boone County. From a judgment of *nil capiat* entered upon a directed verdict in favor of the defendant, the County Court of Boone County, the plaintiff below, Dell Coal Company, prosecutes this writ or error.

A demurrer having been sustained to the original declaration, an amended declaration was filed in which the Dell Coal Company sets up that it was the owner of all the mineral coal above the level of the mouth of Rock Creek in Boone County within a tract of 149 acres conveyed to Dell Coal Company by deed dated July 3, 1923, from F. L. Thomas, trustee, and J. M. Hopkins; that in connection with the conveyance to it, it received from its grantors comprehensive mining rights, rights of way, etc., upon the surface of the tract of 149 acres; that in the exercise of the rights so granted and preparatory to undertaking the removal from the tract of 149 acres of the coal granted to it, it entered upon the surface, and there erected a tipple, headhouse, drumhouse, track, motorhouse, railway sidetracks, dwellings, etc.; that in 1930, the state road commission notified the county court of Boone County that it had projected a state route from Madison in Boone County to Hamlin in Lincoln County, and that it would require rights of way therefor to be procured by the county court, the state road commission filing its maps and profiles, indicating the location of the road through Boone County, and showing that the projected road passed over Rock Creek near the mouth of said creek, and passed through and upon the tract of land, the surface rights in which were owned by the plaintiff; that in the construction of the said road, the state road commission entered upon the property and destroyed certain parts of it, such as the tipple and tenement houses, and encroached upon that part of the tract of 149 acres as to which the Dell Coal Company had undertaken to exercise its surface rights incidental to the mining of its

coal, all to the damage of Dell Coal Company in the amount of $45,000.00. A demurrer was overruled to the amended declaration and the plaintiff's proof thereon was taken.

The learned trial judge struck out the evidence of plaintiff because, as recited in the order, plaintiff had not shown by its evidence title or color of title to the property and rights claimed by it; that the plaintiff had failed to show complete title to the property alleged to have been destroyed by the construction of state route No. 3 in Boone County; and that the plaintiff had not shown that the said road was constructed by the State of West Virginia. Thus it appears that the question before us relates entirely to the sufficiency of plaintiff's evidence.

The proof is in extremely unsatisfactory form and was not developed in an orderly manner, due, perhaps, to the fact that the learned trial judge and plaintiff's counsel seem to have labored at cross purposes.

It appears that in 1925, after having acquired the coal and surface rights for its operation, the Dell Coal Company caused its tipples and other improvements to be placed upon the property. If it mined at all, it was for an extremely brief period, the testimony showing that almost immediately, owing to a decline in the market prices of coal, it suspended its mining operations and has not since resumed them. There is, however, proof tending to show that from time to time, after suspending its mining operations, it was in the actual occupancy of the premises through tenants living in the dwellings that it had constructed. This evidently was not the case at the time of trial, and it does not appear at exactly what times the houses were rented. It is not denied, however, that Dell Coal Company put the buildings on the property, exercised rights of ownership over them, and claimed them against the world.

Plaintiff showed its muniments of title going back to a deed dated July 1, 1873, from H. M. Radcliff and wife to John Hill. The instruments subsequent to the latter deed all refer back to it for description. There is, however,

a gap in the chain of title as shown following the deed of 1881 from John Hill to Henry H. Hopkins. G. J. Hill was placed upon the stand by the plaintiff and testified that he was a son of John Hill, grantee in the deed from Radcliff and wife. This witness was examined concerning the description in that deed, and testified that he had lived upon the tract of land for thirty years and was familiar with the corners and lines thereof, further stating that the corners established on the ground were those of the deed and that the description in the deed was correct. Immediately following the testimony of this witness, Mr. Ed. Haywood, President of the Dell Coal Company and its principal stockholder, was placed upon the stand and testified that the Dell Coal Company owned the rights in question in the tract of land, the boundaries of which had been identified by the witness, and at an entirely disconnected part of the record, this same witness testified to the damage done by the encroachment of state route No. 3. C. E. Krebs, a civil engineer who had actually inspected, and had been upon, the property in question at the point of the encroachment, also testified to this encroachment, its consequences and the resultant damages.

Mr. Krebs had made a survey of the Hopkins tract (property in question), and, based on that survey, had prepared a plat showing its boundaries and had shown on the plat the relative location of the state road. All of the testimony of Mr. Krebs, including the map, was excluded upon the defendant's objection, seemingly because nowhere in the proof was his survey connected up with the actual corners and landmarks on the ground itself. In this ruling, doubtless, the trial court was right in so far as plaintiff's claim was based upon paper title. But as to plaintiff's right to damages to its buildings, the exclusion of the map showing the location of the state road was prejudicial.

The defendant below evidently took the view that the ownership spoken of in the statute authorizing actions of this nature (See *Carden* v. *County Court of Nicholas*

*County,* 110 W. Va. 195, 157 S. E. 411; Acts of the Legislature of 1923, Ch. 6, Secs. 31 and 138) is such as to require of the plaintiff a showing of actual title, or at least possession under color of title, before a recovery can be had. The learned trial judge evidently agreed with this view. In our opinion, it represents a too rigid construction of the statute. It might be applicable where the only claim is for permanent injury to the land itself, but we think that there is more than that kind of right involved in this case. Without losing sight of the fact that this recovery is sought under the statute, we, of course, must bear in mind that, though the action of trespass is now abolished in West Virginia, private property cannot be taken even for public use without just compensation and due process of law. If the statute did not give a recovery in a proper case, we would have to turn elsewhere to permit it as against those responsible. It seems to us that from the declaration and from the proof, it is reasonably apparent that plaintiff was claiming injury for violation of rights of two natures, first, it claimed a freehold right in the occupancy of that part of the surface, not confined to that upon which its buildings actually stood, upon which it had entered and in connection with which it had made improvements under the rights granted it for the removal of its coal on the tract of 149 acres. It claimed that that part of the surface that it had entered and made its own for those purposes had been permanently encroached upon by the effect of the county court acquiring the right of way for the state, and that it had been permanently ousted from the use of the surface to which its rights and actual use extended. For the purposes of this case, we will say that this is a permanent injury to the land, or to so much thereof that plaintiff might claim, and that a showing of title would be necessary to permit plaintiff to recover for this injury. But this is not all that the plaintiff claims. It claims, second, that the actual buildings owned by it had been destroyed or removed as a necessary consequence of the taking for road purposes by the county court. The testimony shows that the Dell Coal Company had placed

these buildings upon the property under claim of right to do so and that it had, at least for a time, used them in an attempt to develop and produce coal from the property. The proof shows further that the Dell Coal Company from time to time after suspending its mining operation, had put tenants into the actual occupancy of at least a part of these buildings and had claimed them against all other persons, and its acts are the only acts of ownership over them that this record discloses. In this state of the record, it seems to us that at least in so far as the possessory right to the buildings in question is concerned, that the Dell Coal Company has made a sufficient prima facie showing to enable it to go to a jury on that question. We believe that, although perhaps not exactly in point, the cases of *Wilson* v. *Phoenix Powder Co.,* 40 W. Va. 413, 418, 21 S. E. 1035, 52 Am. St. Rep. 890, and *Walker* v. *Strosnider,* 67 W. Va. 39, 63, 67 S. E. 1087, 21 Ann. Cas. 1, furnish ample basis for this view. We are conscious of the fact that cases can be multiplied holding that either actual possession or constructive possession based upon title, is necessary to justify a recovery in trespass for permanent injuries to property. Cases can be multiplied, too, holding that possession is sufficient only on the theory that it, without more, is prima facie proof of title. However, our examination of the authorities convinces us that the matter is not quite so simple when we reach a consideration of what *kind* of possession suffices and what *kind* of title must be shown. There is so much seeming conflict in the decisions along this line, that an extended discussion in an attempt to distinguish them from each other and to work out some well settled and generally recognized rule would likely result only in failure and confusion. We believe, however, that it may safely be stated that for the purpose of recovery for damages to possessory rights against a stranger and wrongdoer, the proof of possession required is not tested by actual occupancy at the time of the encroachment, but may be met by showing use, together with unmistakable acts of ownership of the property. The following cases, we believe, will bear out these observations. *Moore* v.

*Hodgdon,* 18 N. H. 144; *McLean* v. *Farden,* 61 Ill. 106; *Kilborn* v. *Rewee,* 8 Mass. 415; *Morse* v. *Iman,* 42 Ill. 154, 89 Am. Dec. 417; *Waterbury Clock Co.* v. *Irion,* 71 Conn. 254, 41 Atl. 827; *Holman* v. *Herscher,* (Tex.) 16 S. W. 984; *Radigan* v. *Hughes,* 86 Conn. 536, 86 Atl. 220; *Kossell* v. *Rhoades,* 272 Pa. 75, 116 Atl. 56. We therefore believe, regardless of the chain of title attempted to be shown by plaintiff, that, by the showing the plaintiff made of its erection of the buildings and of its acts of ownership over them, the plaintiff has sufficiently established, at least, its right to go to the jury on that phase of its case which involved the damages to the buildings or the removal thereof. This answers the first two grounds assigned in the order of the circuit court as reasons for striking plaintiff's evidence.

The third reason assigned is that it is not shown that the encroachment was by the State of West Virginia. In our opinion, the difficulty on this question arose mainly from the fact that the learned trial judge took the view that the encroachment must be proven to have taken place within the boundary of the coal area, or that it must be proven to have taken place within the actual boundaries of the tract of land itself. As we have pointed out, this viewpoint may be correct in so far as the permanent damage to the plaintiff's freehold interest in the mining rights is concerned. As to plaintiff's possessory right in the tipple and dwellings damaged, we do not believe that the rule can be applied with that rigidity. We are of opinion that the plaintiff has made a prima facie case as to its possessory right to the buildings in question. It owned those rights and its possession as proven at the trial, we think, was sufficient evidence of that ownership. However, even on the theory of damage to the plaintiff's freehold interest, we think it is perfectly obvious from the proof in this case that evidence sufficient to settle that question definitely, one way or the other, was at hand at the time of the trial. Mr. Krebs and Mr. Green were both there with maps and plats, in this record at least by avowal, which plainly show the property lines and the relative position of the road, the

sidetrack, tipple, etc. This proof was evidently excluded because of the fact that the plaintiff's muniments of title did not make a complete chain, and the descriptions in the deeds and the plats were nowhere in the record actually fitted into any physical monument on the ground. It seems apparent that counsel for plaintiff did not fully understand the position of the trial judge with reference to this matter, and consequently was at a loss how best to meet the rulings of the court. We think, however, that there is little doubt but that this proof, regarded by the trial court as being essential, must have been judically known to be in the possession of the very witnesses who testified.

Under the well settled holdings of this court, a case in which the defendant's motion to exclude the proof of the plaintiff and direct a verdict in his favor has been sustained, is to be considered, and comes to this court, as upon a demurrer to the evidence. The case of *Campbell* v. *Chesapeake & Ohio Railway Company,* 111 W. Va. 358, 163 S. E. 31, based upon former decisions of this court, settles the proposition that, "where, in a case submitted to the court on a demurrer to the plaintiff's evidence, it appears that there has been an omission to adduce all evidence on the issue upon which the right of recovery depends, and, if the interest of justice will thereby be subserved, this court will afford an opportunity to a proper development of the merits of the case, by reversing the judgment below, and awarding a new trial." It seems to us that this rule is applicable to this case, and that the circumstances before us here furnish a ready illustration of the advantages in the promotion of substantial justice to be gained from its application. It is quite apparent from this record that the trial court had before it witnesses who were able to, and who in fact did, locate the actual corners of the boundary claimed by plaintiff upon the land itself. It is equally apparent that the witness Krebs was prepared to testify to an actual survey of the land made while he was personally present and under his supervision, and that he was supplied with maps and plats from that survey which would have set-

tled the question as to the boundaries, which apparently were not at all in dispute. What was lacking in order to permit the introduction of the plats and of the survey was testimony that would connect the survey and the plats with the actual and real corners upon the land. It is apparent from a reading of this record (no dispute as to any of these questions appearing) that the solution of the difficulty lay simply in propounding the proper questions to the proper witness or witnesses. Of course, it is not usually the proper province of a trial-judge to guide the development of litigants' cases or to make suggestion as to the supplying of essential proof. This does not prevent the statement of reasons for a holding where substantial justice would be promoted by such clarification. In the *Campbell* case, above referred to, although decided by a divided court, the individual judges who wrote opinions were at one in announcing the proposition that if, on demurrer to the evidence, a fact omitted were judicially known by the trial judge to exist, opportunity should be afforded for its introduction in proof rather than to sustain a demurrer to the evidence. It seems to us that in the case before us, knowledge that the evidence which would permit the proper introduction of the survey and plat existed and was at hand cannot be doubted. Under these circumstances, it is our opinion that the learned trial judge erred in not making his position clear as to what evidence was lacking and affording an opportunity for its introduction, rather than to see the plaintiff's case go down upon a technicality.

The grant of the coal to the Dell Coal Company was not co-extensive with the boundaries of the 149 acres. Only the coal in certain seams above the mouth of Rock Creek on the 149 acres was granted. Apparently, the learned trial judge took the view that because the grant of the coal was not co-extensive with the exterior lines of the 149 acres, neither was the grant of the surface rights, but that the latter rights were restricted to the coal area conveyed. At one point in the record, where plaintiff's counsel was attempting to show that certain personal property and the tipple were located on the boundary of

land, the court made the observation: "They might be on the boundary, but that wouldn't give you a right of action." Of course, if the plaintiff was restricted in its mining rights to the surface above the coal area conveyed, it is likely that the state route did not encroach upon anything to which it could show ownership. But we do not believe that that is the correct construction to place upon the grant in question. The coal was conveyed outright and the surface rights granted in connection with the grant of the coal were obviously intended to be such rights as would facilitate the operation contemplated. It is quite clear that it was intended that the coal should be taken out below its own level. This could be done only on the theory that plaintiff's surface rights applied to that part of the surface boundary between the lowest level of its coal and the exterior lines. We believe that both the language of the deed itself (which we do not believe it worth while to set forth here) and the conduct of the parties, which might be construed as interpretative of any ambiguity in the language, both bear out this conclusion.

It is insisted here by the defendant in error that the action of the plaintiff is barred by that portion of section 138 of chapter 6 of the Acts of the Legislature of 1923, reading as follows: "After a public road has been established and constructed heretofore or hereafter and used as such for a period of one year, and no claim for damages or compensation has been made, the right of way for such road shall vest in the county court or the state, as the case may be, and they shall not be liable for damages or compensation arising out of the construction of said road." This statute has since been repealed. The question based on it was raised in this court, apparently for the first time. We do not believe that such a statute can be availed of in this manner. It is clearly a statute of limitation. As such, it must be specially pleaded. Furthermore, the proof here does not show at what date it could be determined that the road constituting the encroachment had been used as a public road for the period of one year. For the reasons given, we do not believe

that in the present state of this record, this question can be raised in bar of plaintiff's right.

Since the case is to be re-tried, a little more detailed comment on the measure of damages may be helpful. There is evidence tending to show that the houses and tipple were damaged, and were taken away in part. There is evidence tending to show their value. Since the buildings are discussed here apart from any interest in the land on which they stand, they cannot be said, for the purposes of this record, to have market value. We therefore regard the proof of damages as to the buildings sufficient. To the extent that this is so, the plaintiff has shown damages in our opinion entitling it to go to the jury on that question. But the major part of the plaintiff's proof on the question of damages was on the theory of permanent injury to real estate, and we believe does not proceed upon the correct theory as to the measure thereof. Mr. Krebs and others were permitted to testify as to the cost of placing the property of the Dell Coal Company in as good condition for the production of coal as it was at the time of the encroachment. We believe that this is not the correct measure of damages. Market value of the property before the encroachment should be ascertained, and from that should be subtracted its market value immediately after the encroachment. The damage is the difference. *Stewart* v. *Ohio River R. Co.,* 38 W. Va. 438, 18 S. E. 604; *Rowe* v. *Pulp Co.,* 42 W. Va. 551, 26 S. E. 320, 57 Am. St. Rep. 870; *Blair* v. *City of Charleston,* 43 W. Va. 62, 26 S. E. 341, 35 L. R. A. 852, 64 Am. St. Rep. 837; *Guinn* v. *Railroad Co.,* 46 W. Va. 151, 33 S. E. 87, 76 Am. St. Rep. 806. It is perfectly true that evidence showing the cost of putting the property back into its original condition may be taken if the result is to arrive at a lesser figure than that represented by the difference between the market value of the property immediately before and immediately after the injury. Here, this is not the case. The damages arrived at are more than the cost of the property to the Dell Coal Company, according to the recitals of the deeds in the record. It might well be that the cost of putting the

property in as good condition to produce coal as it was in before the encroachment would be greater than the entire worth and value of the coal underlying the property. It seems clearly inferable in this case that that cost is greater than the cost of the improvements upon the property placed there by the plaintiff. If, in fixing the market value, it should incidentally become necessary to refer to the cost reasonably made necessary by the encroachment, within limits, that might be done. But clearly the cost of putting the property back as it was is not the test of damages. *Pedelty* v. *Wisconsin Zinc Co.*, 148 Wis. 245, 134 N. W. 356; *Karst* v. *St. Paul, S. & T. F. Railroad Co.*, 22 Minn. 118; *Barnett* v. *St. Anthony, etc., Co.*, 33 Minn. 265, 22 N. W. 535; *Ulrick* v. *Dakota Loan & Trust Co.*, 2 S. D. 285, 49 N. W. 1054; *Gilmore* v. *Driscoll*, 122 Mass. 199, 23 Am. Rep. 312.

For the reasons stated, the judgment is reversed, the verdict set aside and a new trial awarded.

*Judgment reversed; verdict set aside; new trial awarded.*