# CHARLESTON.

## KIRK v. WEBB *et al.*

Submitted September 9, 1924.   Decided September 16, 1924.

1. MASTER AND SERVANT—*Injuries From Explosives Taken Into Mine Held not Actionable Under Statute.*

   Assuming that an infraction by the operator of a coal mine, of section 28, chapter 15H, of the Code, relating to shooting coal from the solid without a permit from the district mine inspector, gives a miner right of action for injuries sustained, it does not cover injuries sustained by the miner from explosives taken into the mine while preparing to do such shooting. (p. 177).

   (Master and Servant, 26 Cyc, p. 1151).

2. SAME—*Declaration Specifying no Particular Rule Which Mine Owner Should Have Adopted Held Demurrable.*

   A count in a declaration charging in general terms failure on the part of the owner or operator of a coal mine to adopt special rules for the government and operation of his mine or mines, as prescribed by section 30 of chapter 15H of the Code, but which specifies no particular rule or rules which should have been so adopted, and it does not otherwise appear from the allegations of the pleading, is defective in substance, and a demurrer thereto should be sustained. (p 179).

   (Master and Servant, 26 Cyc, p. 1386).

   NOTE: Parenthetical references by Editors, C. J.—Cyc.   Not part of syllabi.

Case Certified from Circuit Court, Mingo County.

Action by Joe Kirk against Ira Webb and others.   Questions arising on defendants' demurrer to declaration were certified for decision.

*Ruling reversed.*

*Preece & Hogg,* for plaintiff.
*J. Walter Copley,* for defendants.

MILLER, JUDGE:

In an action for personal injuries sustained by plaintiff in defendants' coal mine, certain questions arising on defendants' demurrer to each of the two counts of the declaration have been certified to us for decision.

In the first count the right of action is predicated on the alleged violation by defendants of section 28 of chapter 15H, Barnes' Code 1923. The substantial averment of this count is that the acting mine foreman carelessly and negligently directed plaintiff to shoot from the solid without first obtaining the written permission of the district mine inspector authorized by said statute to prescribe the conditions under which such shooting may be done; and that believing such permit had been obtained, plaintiff was preparing to shoot from the solid as directed and ordered, when the explosive materials which he was then and there making use of, ignited and exploded very suddenly, and with great force and violence, severely and permanently injuring him, and for which he sues.

As will be seen from an examination of the statute, it is a penal one. It makes it an offense for the operator or mine foreman to cause or permit shooting to be done in the mine without first having obtained the permit in writing of the district mine inspector; and if any miner without first having obtained permission of the operator or mine foreman shoots coal from the solid, he also is rendered guilty of a misdemeanor, and liable to the punishment prescribed.

It is conceded that the statute does not in terms give to a miner injured the right of a civil action for damages, and demurrants contend that none arises out of the violation of the statute by the owner or operator of a mine. Assuming that such right of action does result from the infraction of the statute, the pivotal question presented by the demurrer to this first count is, does it state a good cause of action? It is not alleged that plaintiff sustained his injuries from the actual shooting of coal from the solid; the averment is that while preparing to do so, as ordered by the mine foreman,

"the explosive material which he was then and there making use of, ignited and exploded very suddenly, and with such great force and violence," as to do him the injuries of which he complains. It is not alleged that defendants provided these materials, nor that they were defective or lacking in quality, so as to make them more dangerous than materials of that kind necessarily are, and that plaintiff's injuries resulted therefrom; but it is contended on behalf of plaintiff that from the time he was wrongfully ordered to do the shooting, every step taken by him thereafter preparatory thereto was covered by this penal statute, and rendered the defendants liable to him in damages for personal injuries sustained therein.

Does not the solution of this question, thus sharply presented, depend on what the statute was intended to prevent, and what class or classes of persons were intended to be protected thereby. There can be no doubt, we think, that it was intended to protect employees and others required to be about the mine, from injuries resulting from the unlawful shooting of coal from the solid; and if an action lies, plaintiff would only have right of action for injuries sustained proximately caused by a violation of the statute. *Norman* v. *Virginia-Pocahontas Coal Co.*, 68 W. Va. 405; *Bobbs* v. *Morgantown Press Co.*, 89 W. Va. 206.

But was the statute intended to reach back and cover injuries sustained from agencies to be employed in the unlawful act of shooting the coal, as well as from the actual shooting of the coal from the solid  We do not think such could have been the intention of the statute, but rather that it was intended to protect persons or things liable to be injured from the actual shooting of the coal, which should be the proximate cause of the injury. Plainly, the object of the statute was to reduce dangers incident to the shooting of the coal from the solid, and not to protect employees from the dangers incident to handling explosives used in such shooting. The subject of handling explosives is covered by another provision of the mining law to be hereafter considered in connection with questions relating to the second count of the declaration. If the injuries resulted from the negligent handling of the explosives, though furnished by defendants, that was the more immediate cause of the injuries, and such

negligence was not the thing covered by the statute; and the defendants can not be made responsible therefor. *Donald* v. *Long Branch Coal Co.,* 86 W. Va. 249, 253, 103 S. E. 55; 20 R. C. L. 43, sec. 37.

It is well settled that a statute changing the common law must be given a strict construction. Such a law can not be enlarged or construed to cover cases not plainly within its provisions. *State* v. *Grymes,* 65 W. Va. 451, 456; *Bank* v. *Thomas,* 75 W. Va. 321.

The second count is based on the alleged duty and failure of the defendants to promulgate proper rules, governing the use of explosives and explosive materials in and about its mine, as required by section 30 of chapter 15H of the Code. That section is general in its terms and requires of the operator special rules for the government and operation of his mine or mines, covering all work pertaining thereto in and outside of the same, which are not in conflict with the provisions of the mining laws of this state. Sections 36a (1) and 36e (1) relate to the subject of explosives and explosive materials and the use thereof in mines, and of themselves constitute some rules to govern owner and operator and miners in coal mines; the first relating to the construction of magazines by the owner or operator, the latter relative to the duty of the miner in taking explosives into the mine, and his conduct in relation thereto after he has taken the same into the mine. These provisions of themselves furnish a pretty fair set of rules covering the subject. The second count does not specify what particular rule should have been adopted by the defendants, not covered by the statute, for plaintiff's protection, nor how its observance would have protected plaintiff from the injuries complained of. The case of *Jaggie* v. *Davis Colliery Co.,* 75 W. Va. 370, 84 S. E. 941, is cited and relied on to sustain plaintiff's position with reference to this count. We do not think it does so. The negligence relied on in that case was in overloading the motor with mine cars, and in the failure of defendant to prescribe rules against such practice by the employes of the company. The declaration in that case specified the particular rule which should have been adopted to protect plaintiff. The count in question here does not do this, and nothing is averred from which it can be seen

how the adoption of any particular rule would have protected plaintiff, and the failure to adopt such would have given him cause of action against defendants.

Our conclusion is to reverse the rulings of the circuit court and to hold that the demurrer to the declaration and each count thereof should be sustained.

*Ruling reversed.*