# CHARLESTON.

F. M. LAMBERT *v.* COUNTY COURT OF McDOWELL COUNTY *et al.*

### (No. C. C. 386)

Submitted January 12, 1927.   Decided January 18, 1927.

1.  PLEADING—EMINENT DOMAIN—*Declaration Charging County Court and State Road Commission Jointly With Taking and Damaging Land in Opening Road, is Subject to Separate Demurrer by Commission; State Road Commission is Not Liable in Tort Action for Taking Land in Opening State Road; Declaration Charging County Court and State Road Commission With Jointly Taking Land for State Road is Not Subject to Demurrer by County Court (Acts 1923, c. 6, §§ 31, 138).*

    A declaration against a county court and the State Road Commission, charging them jointly for taking and damaging plaintiff's land in opening, grading and constructing a state road without having complied with the statute regulating such taking and damaging, and claiming damages therefor against them jointly, is demurrable, and a separate demurrer thereto by the party improperly joined should be sustained. The State Road Commission being a state agency peculiarly representing the state, is not liable in such tort action. (p. 38).

    (Highways, 29 C. J. § 287; Pleading, 31 Cyc. p. 274; Statutes, 36 Cyc. p. 916.)

2.  PLEADING—*If Action Can be Sustained on Single Count, Although no Recovery Can be Had on Other Matter, General Demurrer Should be Overruled.*

    If there be a single count in which a cause of action is stated, together with other matter on which no recovery can be had, and a general demurrer is interposed, it should be overruled.   (p. 39).

    (Pleading, 31 Cyc. p. 329.)

    (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Certified Questions from Circuit Court, McDowell County.

Trespass on the case by F. M. Lambert against the County Court of McDowell County and the State Road Commission. After sustaining a demurrer to the declaration, the trial court certified its ruling.

*Affirmed in part; reversed in part.*

*Strother, Sale, Curd & Tucker,* for plaintiff.
*G. L. Counts,* for defendants.

LIVELY, JUDGE: ·

This is an action of trespass on the case by F. M. Lambert to recover from the County Court of McDowell County and the State Road Commission, damages sustained by him in the construction of a state road through his property. After sustaining a demurrer to the declaration, the trial court certified its ruling for review.

Plaintiff alleges in his declaration, which contains but one count, that the defendants acting under authority of Sec. 138, Chap. 6, Acts 1923, entered upon and took a part of his land for the building of a state road; that the road was so constructed as to leave the small portion of his land remaining, practically valueless because it is inaccessible to the public highway; that in locating the road plaintiff's outbuildings have been torn down and his fruit and other trees uprooted and destroyed; and that water is caused to be thrown upon his land in rainy weather. Plaintiff further alleges the refusal of the county court to pay him for his land so taken, and its failure to petition the circuit court for the appointment of commissioners to ascertain his damages. For all of which the plaintiff sues for $5,000.00.

It will be well to bear in mind in our consideration of the question certified, that the defendants demurred to the declaration jointly and also severally. Two main grounds are assigned for demurrer: (1) that the State Road Commission, a state agency, cannot be sued, and consequently the Road Commission cannot be joined as a party defendant with the County Court; and (2) that the County Court cannot be held liable for damage done by the Road Commission in building and constructing a state road.

The trial court properly sustained the separate demurrer of the State Road Commission setting out its non-liability and consequential misjoinder, because the Commission is joined as a party defendant, whereas it is not liable under the averments of the declaration. • *Mahone* v. *Road Commission,* 99 W. Va. 397, 129 S. E. 320. But this is a defect which the Road Commission alone was entitled to take advantage of by demurrer, for "Only the party defendant improperly joined may demur therefor, as he alone is prejudiced by such misjoinder." 15 Ency. Plead. & Prac. page 763 and note; 6 Ency. Plead. & Prac. page 310. Therefore, if the declaration states a cause of action against the County Court, its separate demurrer and the joint demurrer of both defendants, should have been overruled.

Counsel for defendants contends that the declaration is also bad as against the County Court, because it does not allege that the road located and built was a county district road, but does allege that it is a state road. It is argued that while the County Court may possibly be liable for the price of the land taken and used for the right of way, it cannot be held liable for damages done to the remaining land by reason of the construction of the road by the State Road Commission.

It seems clear that the County Court is liable to the plaintiff at least to the extent of reimbursing him for the right of way, even though the road is a state road. Sec. 31, Chap. 6, Acts 1923, provides: "Whenever it shall be necessary for any cause to acquire any lands for the purpose of constructing, widening, straightening, grading or altering any state road which cannot be acquired at a satisfactory price by purchase or grant, the said commission is hereby empowered to condemn the necessary lands therefor, together with all necessary rights and easements, under the right of eminent domain, or it may proceed as provided in section one hundred and thirty-eight of this act. The cost of all rights of way acquired for any state or county-district road, or roads, or for the purpose of widening, straightening, grading, or altering any such road or roads, shall be paid by the county court of the county in which such road or roads shall lie." As to whether the County Court is liable for injuries sustained by plaintiff to the residue of his land, it will be improper to decide on a general de-

murrer. The statute makes the County Court liable for the right of way at least, and that is sufficient to make the declaration good as against the separate demurrer of the County Court, for, "Where in a single count, which contains matter which will sustain the action, and also matter upon which no recovery can be had, and there is a demurrer to the whole count, the demurrer must be overruled; but if the good and bad in the count are divisible, there should be a demurrer to such part of the count, as sets up matter upon which there can be no legal recovery." *Robrecht* v. *Marling's Adm'r,* 29 W. Va. 765; *Newlon* v. *Reitz,* 31 W. Va. 483; *Israel* v. *Jones,* 100 W. Va. 38. On the question of the liability of the County Court for acts of the Commission in the opening and constructing of the road, we express no opinion, for the question is not properly raised by the pleadings. The trial court should have overruled the separate demurrer of the County Court. And as the declaration states a cause of action against the County Court, the joint demurrer of defendants should also have been overruled, for, "It is a general rule that where joint defendants unite in a general demurrer to the declaration, if a cause of action is set out as to either, the demurrer must be overruled." 21 R. C. L. Sec. 73, page 511, and cases cited; *Norberg* v. *Hagna,* 195 N. W. (S. D.) 438; *Asevado* v. *Orr,* 100 Cal. 293; *May* v. *Jones,* 14 S. E. (Ga.) 552.

The ruling of the circuit court is affirmed in part and reversed in part, as hereinbefore set out.

*Affirmed in part; reversed in part.*