ESTA M. KINNEY *et al., v.* THE COUNTY COURT OF DODDRIDGE COUNTY

(No. C.C. 437)

Submitted January 14, 1931.   Decided January 20, 1931.

*Louis A. Henderson,* and *Homer Strosnider,* for plaintiffs.
*R. S. Blair,* and *J. Paul Bumgardner,* for defendant.

LIVELY, JUDGE:

The lower court having sustained a demurrer to the declaration, the questions arising thereon were, on joint application of counsel, certified to this Court for review.

The declaration alleges that the plaintiffs owned a parcel of land, on which a dwelling and garage were situate, abutting on Marie Street in the town of West Union, Doddridge County, West Virginia, the dwelling house and garage having been built with reference to the established grade of said Marie Street; that during their ownership of said premises,

the State Road Commission of West Virginia, a corporation, decided by order duly entered of record, to re-locate the state road (Northwestern Turnpike) through West Union, a municipal corporation having a population of less than 2500 persons, and to take over Marie Street as a part of the state road; that the State Road Commission, to-wit, on March 1, 1928, *in pursuance of the authority vested in it by virtue of the statute* in such case made and provided, took possession of Marie Street, and constructed a concrete surface road upon Marie Street, whereby the grade of said street abutting plaintiffs' property was raised to a height varying from six to ten feet, by reason whereof plaintiffs are deprived of the use of the entrance into and upon their lot from said street, and required to make alterations in their lot so as to make it conform with the surface of the state road, and so that water will not be collected and allowed to flow into the basement of the dwelling house and garage, all of which is to plaintiffs' damage to the amount of $5,000.00; *"and that by virtue of the law and the statute* for such cases made and provided they have the right to recover said amount from the said defendant."

The questions certified here for decision may be answered by considering two propositions, namely, (1) whether the allegations in the declaration are sufficient to charge defendant county court with liability, and (2) whether the language of section 31, chapter 43, Barnes' Code, contemplates that the county courts are liable for damages arising in the widening, straightening, grading or altering of state roads.

In considering the first proposition, it is to be noted that the declaration contains no allegation that the county court has committed any wrongful act, that it participated in any manner in acquiring the right of way, that it authorized the road commission to acquire it, or of any ascertained damages to plaintiffs and liability of the county court therefor by condemnation proceedings or otherwise; and because of the failure so to allege it is contended that the demurrer to the declaration was properly sustained. An allegation of ascertained damages would preclude the right of plaintiffs to recover in this action and finds its proper place in a plea of avoidance.

This action is based on a statute of this forum, and rules of pleading do not require that public statutes be specifically pleaded or that their provisions be set out; of these the courts take judicial notice. 20 Ency. of Pleading & Practice 594. The declaration refers indirectly to the road law applicable hereto, namely, section 20, chapter 43, Barnes' Code, under which the State Road Commission was authorized to take possession of Marie Street as a part of the state road, and secondly, section 31 of the same chapter which provided that the costs of all rights of way, etc., for such road construction shall be borne by the county court. Liability in the instant case is not dependent upon acts committed by the county court, its acquiescence of the acts of the road commission, or its participation in the acquirement of the right of way. It is the operation of the road law, authorizing the road commission to acquire rights of way for certain specified purposes, which places liability upon the county court, provided, of course, that the acts of the commission are consonant with the accorded authority. We are therefore of the opinion that the declaration sets forth allegations with required precision, certainty, and clearness sufficient to inform the defendant of the specific grounds of the action.

Counsel for the county court, in their brief, contend that this court is not now concerned with the question of who shall become the paymaster of plaintiffs' damages. The certified ruling, however, raises the quaere of whether section 31 of chapter 43, Barnes' Code, places any liability on county courts for damage to abutting landowners in the construction of the road other than for the cost of procuring rights of way.

After authorizing the State Road Commission to acquire lands, together with all necessary rights and easements, necessary for the purpose of constructing, widening, straightening, grading or altering any state road, section 31, chapter 43, Barnes' Code, provides that ''The cost of all rights of way acquired for any state or county-district road, or roads, or for the purpose of widening, straightening, grading, or altering any such road or roads, shall be paid by the county court of the county in which such road or roads shall lie.'' Counsel for the defendant argue that damages to abutting

20

property arising through the construction of the road are not chargeable to the county court. Under the ruling of *Lambert* v. *County Court*, 103 W. Va. 37, the State Road commission is not liable. Then who shall pay? The Constitution of this state requires that compensation be made where private property is taken or damaged for public use. Constitution, Article 3, section 9. The ruling of the lower court would nullify section 31 of the road law because it violates the Constitution. There is, however, a presumption that the legislative intent is not to violate the basic law, and it is the duty of the courts to uphold every act of the legislature if by and reasonable construction and interpretation it can be seen that the act does not contravene the Constitution. Any doubt is resolved in favor of the validity of the legislative act. *Bates* v. *State Bridge Commission*, 109 W. Va. 186, and cases cited therein.

The intent of the legislature in passing the road law was to relieve the county courts from the obligation and expense of improving and maintaining state roads; but it contemplated that the road beds on which to construct the roads would be furnished by the several county courts. The statutory language is clearly indicative that the legislators foresaw the probability of damages to abutting owners in widening, straightening, grading or altering the roads when it authorized the commission to acquire, by condemnation or by procedure according to section 138 of the road law, in addition to land, "necessary rights and easements." The item for which the legislature meant the county courts to pay included not only the land but also any necessary rights or easements. The law makers foresaw that a change in the physical condition of a road might render some detriment to the residue of land taken or to abutting property even though no land had been actually taken; so that a right of way within the contemplation of the statute is more than the mere corpus of land; it comprises every property right necessary to fulfill the purpose of the act. In the instant case, to effectuate the proper road meant damage to plaintiffs' property and denied them their right to enjoy it to the fullest extent.

We therefore conclude that the declaration states a good

cause of action against the defendant county court and so answer the questions certified.

*Reversed.*