LOUISE CARDEN *v.* THE COUNTY COURT OF NICHOLAS COUNTY

(No. C.C. 441)

Submitted February 24, 1931. Decided March 3, 1931.

*W. G. Brown,* for plaintiff.
*Emmett Horan,* for defendant.

MAXWELL, JUDGE:

Upon this certification there is presented the action of the trial court in overruling a demurrer to the declaration and each count thereof.

Stripped of surplusage the first and third counts charge the county court with liability for permanent injury to plaintiff's land on Peter's Creek in Nicholas County by reason of the change by the state road commission of the bed of said stream on land adjoining plaintiff's, whereby the said stream was diverted from its natural course and thrown against and over plaintiff's land, causing the said stream to encroach upon plaintiff's property and constantly expose the same to overflow.

"Private property shall not be taken or damaged for public use, without just compensation * * *." Constitution of West Virginia, Article 3, section 9. As has been often emphasized this constitutional provision guarantees to any owner of property just compensation not only for property actually taken for public use but as well where his property is damaged for public use or benefit.

Where public authorities collect water in a mass and cast it upon private property, the owner must be compensated therefor; it is a damaging of his property for public welfare. *Tracewell* v. *County Court,* 58 W. Va. 283. If the county court itself had caused injury to plaintiff's land by changing the bed of the stream upon adjoining land and thereby causing the stream to erode and overflow plaintiff's land, the court would clearly be responsible in damages to her, under the said constitutional guaranty. The question then arises whether the county court is liable when that sort of thing, as pleaded, has been done not by the county court but by the state road commission. Section 31, chapter 6, Acts of the Legislature 1923, provides, in part, as follows: "Whenever it shall be necessary from any cause to acquire any lands for the purpose of constructing, widening, straightening, grad-

ing or altering any state road which cannot be acquired at a satisfactory price by purchase or grant, the said commission is hereby empowered to condemn the necessary lands therefor, together with all necessary rights and easements, under the right of eminent domain, or it may proceed as provided in section one hundred and thirty-eight of this act. The cost of all rights of way acquired for any state or county-district road, or roads, or for the purpose of widening, straightening, grading, or altering any such road or roads, shall be paid by the county court of the county in which such road or roads shall lie.''

In *Kinney* v. *County Court*, 110 W. Va. 17, S. E., we recently held that under said statute the county courts are required to pay, not only for the corpus of land actually taken and for damage to the residue thereof, but also for damage to property abutting a state road even though no part of the land was actually taken. In that case it appeared from the declaration that the plaintiffs had been injured by the raising by the state road commission of the grade of a street in the town of West Union from six to ten feet above plaintiffs' lot. The principle is the same whether a person's property is damaged by the state road commission in changing the grade of a public highway or in changing the course of a stream for the purpose of re-locating a highway. In either case the work is done for public benefit. Under the constitution the owner of private property injured by such public improvement must be compensated for such injury out of public funds. The state road commission, being a state agency, cannot be sued for such damages. *Lambert* v. *County Court*, 103 W. Va. 37. The legislature, therefore, in the enactment of the statute above quoted, undertook to place upon the county courts of the state the responsibility of compensating landowners not only for land actually taken by the state road commission in the improvement of highways of the state under the extensive construction program upon which the state entered a few years ago, but, as well, for damages occasioned to the owners of private property, though not actually taken, wherever the same was damaged by reason of such construction work. In principle, it makes no

difference whether such injury is occasioned by something done by the state road commission on the highway itself or whether that something was done on the property of some other person. It is the results that control, and not the manner in which the results are brought about. We are, therefore, of opinion that the trial court properly overruled the demurrer to counts one and three of the declaration.

The liability of the county court under the allegations of counts one and three arises not because of tortious or unlawful conduct of the state road commission with reference to the plaintiff's property, but because of the liability which the statute imposes upon the county court for the value of property taken by the state road commission in the construction and improvement of public highways and for damages occasioned to property not actually taken, as an incident to such highway construction and improvement. Such damages are permanent and can be ascertained and fixed for all time upon the completion of the work undertaken by the road commission.

Count number two predicates injury upon a flood in Peters Creek in October, 1926, following the change in the location of the stream's bed upon adjoining land, it being alleged that by reason of said change the plaintiff's land was subjected to serious overflow when the stream was at flood tide, thereby seriously injuring the plaintiff's property. Such facts would doubtless have evidentiary value in assisting the jury to arrive at a proper basis of permanent damage to the plaintiff's property by reason of the change in the course of the stream, but the same cannot be made the subject of a special count for temporary, occasional or recurrent injury to the plaintiff's property. The statute does not make the county court liable for damage of that sort occasioned by the state road commission. The demurrer to the second count should have been sustained.

We, therefore, sustain the action of the trial court in overruling the demurrer to counts one and three, and reverse the action in overruling the demurrer to count two.

*Affirmed in part; reversed in part.*