J. H. HATCHER *v.* COUNTY COURT OF FAYETTE COUNTY

(No. 7894)

Submitted April 24, 1934.   Decided May 22, 1934.

*H. E. Dillon, Jr.,* and *T. A. Myles,* for plaintiff in error.

*Love & Love,* for defendant in error.

KENNA, JUDGE:

J. H. Hatcher sued the county court of Fayette County in trespass on the case, and from a verdict and judgment in his favor the county court prosecutes this writ of error.

Prior to January 21, 1929, E. N. Kessler was the owner of a tract of 28 acres situate in Mountain Cove District of Fayette County. On that day, he and his wife

conveyed the land to T. V. Cavendish. The deed was duly recorded. On March 18, 1930, J. H. Hatcher secured a judgment in the circuit court of Fayette County against E. N. Kessler in the amount of $2100.00. Shortly after this judgment was procured and properly docketed, Hatcher brought suit to set aside the deed from Kessler to Cavendish as a fraud upon himself and the other creditors of Kessler and to subject the 28 acres to the lien of his judgment and to any other liens that might be duly proven. On October 21, 1930, a decree was entered in this cause setting aside the conveyance as fraudulent, ascertaining the liens upon the 28 acres and ordering it to be sold. J. H. Hatcher became the purchaser and a deed was executed to him by the special commissioner dated February 19, 1931, and was promptly recorded.

Pending the creditors' suit, the county court of Fayette County paid to Kessler on October 24, 1930, the sum of $250.00 for a right of way for a state route through the 28 acres. This action is brought for damages caused to Hatcher and to the security for his debt by the wrongful taking by the county court of the land for the right of way, and for damages by reason, of cuts, fills and excavations and injury to the residue of the tract by the cutting of trees, destruction of private roadways, etc.

The county court appeared and filed a plea of payment setting up the $250.00 paid to Kessler and also pleaded the general issue. A demurrer to the declaration was interposed and overruled.

The matter alleged in the plea of payment was submitted to the court under an agreed statement of facts, and decision was in favor of the plaintiff, J. H. Hatcher. The plea alleged that at the time of the payment in November, 1930, the legal title to the land was in T. V. Cavendish and the equitable title in E. N. Kessler. Since the agreed statement of facts, upon which the issue raised on this plea was submitted for decision, does r appear in the record, there is nothing on which we ca·

find that the trial court's decision of that issue was wrong. Neither can we tell on what basis the trial court found against the defendant on the special plea. It alleges that the entire equitable title was in Kessler at the time of the payment to him and that at the time the legal title was entirely in Cavendish. The theory that this matter would bar plaintiff's recovery necessarily is based upon the position that Kessler could give the county court a complete release for all damages. The trial court, upon a stipulation of fact that is not before us, has found that this is not so. We have nothing upon which to disturb that finding. If the deed to Cavendish was set aside and the entire tract was sold to satisfy the liens, the interest of Cavendish is wiped out save in so far as the purchase money paid may have proved more than was necessary to satisfy the costs and expenses of the proceeding and the claims of the creditors. Upon the setting aside of the deed from Kessler to Cavendish, no interest would re-vest in Kessler beyond that necessary to satisfy the claims of his creditors. *Love* v. *Tinsley,* 32 W. Va. 25, 9 S. E. 44; *Wood* v. *Hunt,* 38 Barb. (N. Y.) 302; *Comyns* v. *Riker,* 31 N. Y. S. 1042; *Allen* v. *Trustees,* 102 Mass. 262; *Moore* v. *Altom,* 196 Ala. 158, 71 So. 681. Upon the record before us, we must suppose that the facts stipulated upon the submission of the issue under the special plea disclosed a situation in which the payment to Kessler constituted no bar to plaintiff's action. Furthermore, upon the record before us, it is not possible for us to suppose that the creditors' suit was so conducted as to leave any interest in Cavendish. The entire tract of land was sold in the creditors' suit and was acquired by purchase therein by J. H. Hatcher. At the time Hatcher acquired the land, it would appear from the record before us that the road commission was a trespasser thereon. It is established in this state that, under the statutes in force at the time this matter arose, a land owner may sue the county court for a trespass by the state road commission in constructing or improving a state road. *Lambert* v. *County Court,*

103 W. Va. 37, 136 S. E. 507; *Kinney* v. *County Court,* 110 W. Va. 17, 156 S. E. 748; *Carden* v. *County Court,* 110 W. Va. 195, 157 S. E. 411.

The error assigned as to the refusal of the trial court to permit the defendant to prove the payment to Kessler upon the trial under the general issue, we think is not well founded. That matter had been submitted to the court and disposed of under the agreed statement of facts.

Another assignment of error relates to the insufficiency of the proof as to the damage to a well upon the property in question. We are of opinion that the proof on this item was sufficient to go to the jury.

For the reasons stated, and again emphasizing the fact that the record is not complete with reference to the disposition of the special plea, we find no error in the judgment of the trial court.

*Affirmed.*