F. O. Trump *v.* State Road Commission

(CC 536)

Submitted November 6, 1935. Decided November 26, 1935.

*D. Grove Moler,* for plaintiff.

*Homer A. Holt,* Attorney General, and *J. F. Bouchelle,* Assistant Attorney General, for defendant.

Kenna, Judge:

F. O. Trump brought an action of trespass on the case in the Circuit Court of Jefferson County against the State Road Commission, alleging damages resulting from the alteration of the grade of a state road. A demurrer to his declaration was sustained, and the following questions of law arising thereon were certified to this Court:

First: Can the State Road Commission of West Virginia be sued upon the grounds set forth in the declaration herein?

Second: Do section 1, article 2, and sections 5 and 6, article 4, chapter 40, 1933 First Extraordinary Session, authorize a suit against the State Road Commission?

Third: Does chapter 40, 1933 First Extraordinary Session, repeal section 4, article 4, chapter 17, Code of 1931?

Fourth: Is the State Road Commission liable for the cost of acquiring rights-of-way for a state road and damages to

land caused by its construction, repair and maintenance thereof, acquired or damaged prior to May 16, 1933?

Fifth: Does the statute of limitations bar recovery for wrongs and injuries declared on?

Going at once to the certified question which, in our opinion, disposes of the case here, we find that the fourth question propounded is, in effect, whether the State Road Commission is liable for the damages declared on incurred by the plaintiff prior to the effective date of Chapter 40 of the Acts of the First Extraordinary Session of the Legislature of 1933, sometimes referred to as the secondary road law. It is not necessary, we believe, for us to decide, in this case, whether the act last referred to effected a change in existing law with reference to the right to sue the State Road Commission in an action of tort. The right of action here, according to the question certified, arose prior to the effective date of that act. Therefore, at the time the right of action arose, under the authority of *Kinney* v. *County Court,* 110 W. Va. 17, 156 S. E. 748, and other West Virginia cases readily available, the right of action lay, if at all, against the county court of Jefferson County exclusively. See also *Hatcher* v. *County Court,* 115 W. Va. 95, 174 S. E. 690. We, therefore, hold that the action of the Circuit Court of Jefferson County in sustaining the demurrer to the plaintiff's declaration must be affirmed solely on this ground.

The disposition made of the fourth question certified, we think, necessarily prevents our dealing with the other questions certified. They are not before us.

*Affirmed.*