WILBUR D. DUNKEL et al., Respondents, v. HOM-INDUSTRIES, INC., et al., Appellants.

Argued May 26, 1937; decided July 13, 1937.

*Arthur L. Meyham* for appellants. At the time of the foreclosure of the mortgage, the three children had absolute fee in the premises involved. (*Matter of Watson,* 262 N. Y. 284; *Matter of Chalmers,* 264 N. Y. 239; *Erwin* v. *Waterbury,* 186 App. Div. 569; 231 N. Y. 592; *Tillman* v. *Ogren,* 227 N. Y. 495.) At the time of the foreclosure of the mortgage, the grandchildren had no interest in the property and were not necessary parties thereto. (*Erwin* v. *Waterbury,* 186 App. Div. 569; 231 N. Y. 592; *Lawrence* v. *Calam,* 236 N. Y. 168; *Bacon* v. *Sayre,* 84 Misc. Rep. 462; 164 App. Div. 909; 218 N. Y. 725.) The deed in the foreclosure conveyed the complete title in the mortgaged premises to the purchaser under whom the defendant's claim. (*People's Trust Co.* v. *Tonkonogy,* 144 App. Div. 333; *Continental Ins. Co.* v. *Reeve,* 135 App. Div. 737; *Hope* v. *Shevill,* 137 App. Div. 86; 204 N. Y. 563.)

*Edward I. Cristy* and *Raymond Bentley* for respondents. The failure to make the issue of the children parties to the foreclosure action makes the title unmarketable. (*Hess* v. *Hess,* 233 N. Y. 164; *Wanser* v. *De Nyse,* 188 N. Y. 378; *Alkus* v. *Goettmann,* 60 Hun, 470; *Moot* v. *Business Men's Investment Assn.,* 157 N. Y. 201; *Fleming* v. *Burnham,* 100 N. Y. 1; *Matter of Ithaca Trust Co.,* 220 N. Y. 437; *Callahan* v. *Volke,* 220 App. Div. 379; *Halliman* v. *Skillen,* 227 App. Div. 125; 253 N. Y. 550; *Matter of N. Y., L. & W. Ry. Co.,* 105 N. Y. 89; *Vanderzee*

v. *Slingerland*, 103 N. Y. 47; *Brown* v. *Gardner*, 233
N. Y. 261; *Lawrence* v. *Calam*, 236 N. Y. 168.) If the
will should be construed to give testator's children an
absolute power of disposition, the referee's deed did not
have the effect of an assignment or exercise of that power
so as to convey a fee simple to the grantee. (*Crooke* v.
*County of Kings*, 97 N. Y. 421; *Frear* v. *Pugsley*, 9 Misc.
Rep. 316; *Matter of Davies*, 242 N. Y. 196; *Matter of
Sonnenburg*, 133 Misc. Rep. 42; *Farmers' Loan & Trust
Co.* v. *Mortimer*, 219 N. Y. 290.) The easements, on
their face, make the title unmarketable and they are not
shown to be " necessary." (*Javierre* v. *Central Alta-
gracia*, 217 U. S. 502.)

LEHMAN, J. The plaintiffs in June, 1935, entered into
a contract with the defendant Homindustries, Inc.,
whereby they agreed to purchase a lot of land with
a house to be erected thereon in accordance with plans
and specifications approved by the purchasers at the
time of the execution of the contract. The plaintiffs
paid $2,000 on account of the purchase price at the time
of the execution of the contract and $3,000 thereafter.
The seller constructed the house and in January, 1936,
notified the plaintiffs that the house was ready for
occupancy and demanded that the plaintiff accept a
deed for the premises and pay the unpaid balance of the
purchase price. The plaintiffs have refused to accept
a deed on the ground that the title of the seller to the
premises is not marketable. Then the plaintiffs began
this action, asking that it be adjudged that the plaintiffs
have a " lien upon said premises, or the defendants'
interest therein " for the sums paid upon the contract
and for the expenses incurred in searching the title.

The real property which Homindustries, Inc., agreed
to sell is a lot in what is known as the " McFarlan Farm
Subdivision." The McFarlan farm was mortgaged in
1911 by its owner, Alexander McFarlan and his wife
Jemima, to East Side Savings Bank of Rochester. In

1934 East Side Savings Bank commenced an action to foreclose its mortgage. Alexander McFarlan had died in 1919, leaving a last will and testament. His wife Jemima died in 1928. The children, who were named as legatees and devisees in the will of Alexander McFarlan, were made parties to the foreclosure action. The title of the defendant Homindustries, Inc., is derived from the referee's deed upon the sale made under the judgment of foreclosure and sale in that action. It subdivided the land it purchased into lots and is engaged in the business of selling the lots with houses erected thereon. The plaintiffs' rejection of the deed of the lot which the defendant agreed to sell to them is based upon two alleged defects in the defendant's title. They claim, *first*, that under the will of Alexander McFarlan the *issue* of his children received a contingent expectant interest in his estate and were necessary parties to the foreclosure proceedings; and, *second*, that the defendant Homindustries, Inc., had granted certain easements for sewer and water pipes, which constitute incumbrances upon the lot it agreed to sell, and which do not fall within the scope of a reservation of a right to grant " necessary easements," which is contained in the contract of sale.

After the defendant interposed an answer the plaintiffs moved for summary judgment. The justice at Special Term denied the motion. He held that under the will of Alexander McFarlan the issue of his children received no interest and were not necessary parties to the foreclosure proceedings and that the question of whether the easements granted for sewer and water pipes are " necessary easements " within the meaning of the contract, is one of fact. The Appellate Division affirmed the order denying the motion for summary judgment, stating that " in affirming this judgment we are not called upon to determine what the construction of this will should be further than to say that we find questions of fact under both claims, that respecting the easements and that respecting the construction of the will." Thereafter

the parties stipulated that the allegations contained in specified paragraphs of the complaint are true and that neither of the parties has " any evidence to offer of any further facts bearing upon the question whether the issue of the children of Alexander A. McFarlan in being at the time of the commencement of said foreclosure action by East Side Savings Bank of Rochester were necessary parties to said action." Both parties asked that a reargument of the appeal be granted and that the court should decide " upon the facts as hereinbefore stipulated, whether or not the defendant's title to the premises directed to be sold to the plaintiffs is unmarketable because of the omission of such issue of the children of Alexander A. McFarlan, deceased, as parties to said foreclosure action; and in case this Court shall decide, upon the facts as so stipulated, that such title is unmarketable because of such omission, then that said order be reversed and the plaintiffs' motion be granted; and in case this Court shall decide, upon the facts as so stipulated, that said title is not unmarketable because of such omission, then that said order be affirmed."

The motion for a reargument was granted. The question presented required a construction of the will of Alexander A. McFarlan, the mortgagor. The issue of the children of the testator were necessary parties to the foreclosure action if under his will they received an interest or future estate in the testator's real property, or at least an interest or estate which could not be divested by a decree against their ancestors.

The McFarlan farm was part of the residuary estate of the testator. In the paragraphs of the will which might affect title to the residuary estate the testator provided:

" *Second.* I nominate, constitute and appoint my wife Jemima A. and my son Frank I., the executors of this my last will and testament.

\*　　\*　　\*　　\*　　\*　　\*　　\*

" *Twelfth.* All the rest, residue and remainder of my estate real and personal, I give, devise and bequeath to my wife and children, my said wife and each of my children to have an equal share thereof.

" *Thirteenth.* If my said wife should die without having conveyed, or by Last Will disposed of her share of my estate, then her said share shall go to my children, share and share alike.

" *Fourteenth.* If any of my children should die without having conveyed or by Will disposed of his or her or their share or shares of my estate in a good and legal manner and without leaving lawful issue, then the share or shares of such child or children so dying shall go to my said wife and surviving child or children, to have an equal share thereof.

" *Fifteenth.* I hereby authorize and empower my executors to sell and convey any or all my real estate or to lease or mortgage the same as to them may seem necessary or proper.

" *Sixteenth.* If any of my children die leaving lawful issue, such issue shall take the place and stand in the stead of such of my children so dying."

The testator's widow and three children survived him. His widow died thereafter. Her will was probated in 1928. By her will she devised all her property to the three children. They are still living and were parties to the foreclosure action.

Under paragraph twelfth of the will the testator's widow and three children received estates in fee in undivided shares in the estate. These estates in fee were, however, not in absolute fee but in base or conditional fee which might be determined by the happening of the events specified in paragraphs thirteenth and fourteenth of the will. Those to whom the property would pass upon the happening of those events received an expectant estate. Under the terms of the will, one who is seized of a determinable fee may convey his estate, but the grantee will ordinarily take it subject to the same conditions

or imperfections which adhered to it originally. (*Grout* v. *Townsend*, 2 Den. 336.) That is not true here, where one of the conditions attached to the fee was that the original holder should die without having conveyed the fee and without leaving a will.

The widow died without having conveyed her share of the estate. She did leave a will and devised her property to the three children. Thus her share passed to them free from any condition under her will, and, even if no will had been made, it would have passed to them because the expectant estate which was granted to them under the will would in that event have become a present absolute estate. At the time of the foreclosure proceedings the shares devised to the three children were still held in conditional fee. There was still possibility that any of them might die without " having conveyed or by will disposed of his or her or their share or shares of my estate in a good and legal manner and without leaving lawful issue." A conveyance upon a sale in an action to foreclose a mortgage " is as valid as if it was executed by the mortgagor and mortgagee, and, * * * is an entire bar against each of them and against each party to the action * * *." (Civ. Prac. Act, § 1085.) Since the three children were parties to the action the estate of each of them has now undoubtedly passed to the defendant Homindustries, Inc. The question remains whether it may also be said without doubt that the expectant estates of those who by gift over might be entitled to take upon the happening of the contingency specified in the will, have passed to Homindustries, Inc., or have been terminated by the foreclosure proceedings. The title derived from the sale in the foreclosure proceedings is not marketable, if there is any room for reasonable doubt here. The Appellate Division has held that such doubt exists. We find no basis for it.

Argument has been made that, since under the will each child may by voluntary conveyance confer an indefeasible title to a share in the farm, the conveyance

*in invitum* made in the foreclosure action, to which all the children were parties, should, under section 1085 of the Civil Practice Act, be given the same effect, and that by such conveyance the purchaser at the sale acquired indefeasible title to all such shares, including any contingent and expectant interest therein, which, under the will, the issue of the children might have received. We recognize that there may be force in the argument. We do not decide whether it is unanswerable, for no resort need be had to it. The issue of the children received no such expectant interest. We find that each of the three children of the testator received under the will not only a present estate in base or conditional fee in a share of the estate, but also future expectant estates in each other's share, and that the present and expectant estates granted to all the children comprised every estate or interest in the mortgaged land — present or future, conditional or unconditional. Under the terms of the condition by which the estate of a child may terminate, the gift over to the surviving children immediately takes effect upon such termination. There is in paragraph fourteenth no gift over to the issue of a child who does not survive. Such issue receive no interest in the testator's property under that paragraph.

We are told, however, that paragraph sixteenth might be construed as providing for a substitutionary gift over to such issue " if any of my children die leaving lawful issue." We do not find that this paragraph is open to such construction. It is a settled rule of construction that such words of contingency refer to a death in the lifetime of the testator, and "this construction is uniformly adopted unless there is some language in the will indicative of a different intention on the part of the testator." (*Matter of New York, Lackawanna & Western Ry. Co.*, 105 N. Y. 89, 92; *Vanderzee* v. *Slingerland*, 103 N. Y. 47.) The rule may yield to slight evidence found in the terms of the will that the testator meant death without issue occurring at any time either before or after his own decease. (*Brown* v. *Gardner*, 233 N. Y. 261.) We do not find even " slight

evidence " in the will we are now construing. On the contrary, even without resort to any artificial rule of construction, we find the language of the will evidences clearly an intention that the share devised to a child who died leaving issue *before* the testator, should go to such issue; but no intention that any estate or interest, present or expectant, devised to a child should be divested or cut down by the death thereafter of such child leaving issue. It follows that the issue of children now living take no interest under the will and were not necessary parties to the foreclosure action. The deed at the sale under the judgment of foreclosure conveyed a complete and indefeasible title to the premises sold, which is not subject to any reasonable doubt.

After the Appellate Division had upon the first reargument of the appeal decided that the title was subject to reasonable doubt and, therefore, not marketable, the defendant attempted to cure the alleged defects. Upon a second reargument, granted at the request of both parties, the court held that the doubt was not entirely removed. The question raised upon the second reargument becomes academic under our decision that the title obtained at the foreclosure sale was marketable. There remains only the question whether the holder of that title thereafter incumbered, by grant of easements, the lot which it agreed to convey to the plaintiffs in manner which made it impossible to transfer title in accordance with its contract. In the contract of sale the defendant received the right to grant " necessary easements." The courts below have held that a question of fact is presented as to whether the easements granted are " necessary " easements. Certainly it cannot be said as matter of law that the easements are not " necessary."

The judgment of the Appellate Division should be reversed and the order of the Special Term affirmed, without costs.

CRANE, Ch. J., O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgment accordingly.