LIZA JANE STEPHENSON, *et al.*

*v.*

RAY CAVENDISH, *Road Commissioner, Etc.*

(No. 10257)

Submitted April 11, 1950. Decided May 9, 1950.

*Eakle & Eakle,* for petitioners.

*William C. Marland,* Attorney General, and *Thomas J. Gillooly,* Assistant Attorney General, for defendant.

LOVINS, PRESIDENT:

This is an original proceeding in mandamus instituted by Liza Jane Stephenson, Mary Stephenson, Mavis Callison Stratton, Howard Dunford, Herbert Dunford, Jake Dunford, Earl Dunford, Locie Dunford Fowler, Robert Stephenson, Reese Stephenson, Jess Stephenson, Fonda Stephenson Moore, Della Stephenson Lanham, and Myrtle Stephenson Roberts, hereinafter designated as "petitioners", against Ray Cavendish, State Road Commissioner of West Virginia, hereinafter referred to as "respondent". The purpose of this proceeding is to compel respondent to institute a proceeding in eminent domain in the Circuit Court of Nicholas County for the purposes of condemning rights of way for road purposes, ascertaining the compensation, if any, to which petitioners are entitled for the lands taken by said rights of way, and determining the damages, if any, to the residue of the lands, which petitioners own through which said rights of way were taken.

Petitioners are the children of Madison Stephenson, or persons who claim under such children.

On the 7th day of December, 1887, Madison Stephenson and wife conveyed to Mary S. Stephenson and Van M. Stephenson "all the land owned by [Madison Stephenson] the party of the first part in Nicholas County during her natural life and at her death to go to her son, Van M. Stephenson and his heirs, and in the event that Van M. Stephenson shall die without any heirs, then the real estate herein conveyed shall go back to the surviving heirs of Madison Stephenson forever." Mary S. Stephenson died prior to February 3, 1945; and Van M. Stephenson died February 3, 1945, leaving no children surviving.

In the case of *Stephenson* v. *Kuntz,* 131 W. Va. 599, 49 S. E. 2d 235, 245, it was held by this Court that Van M. Stephenson upon the death of Mary S. Stephenson took a base defeasible or qualified fee simple estate in said land; and that the land on the death of Van M. Stephenson without surviving children, passed to their descendants. In that case this Court did not pass on the question of waste asserted in that suit by the petitioners in this proceeding, for the reason that the trial chancellor had made no adjudication on that question.

Upon remand the Circuit Court of Nicholas County entered a decree adjudicating, among other things, that the owners of the defeasible fee were not entitled to recover for waste in the circumstances of this case; sustained a demurrer to that part of the answer of petitioners filed in that suit, setting up a claim for affirmative relief; and denied the prayer for affirmative relief "without prejudice to the assertion of said claims against any person not a party to this cause."

We are here concerned only with a tract of 241.5 acres, being the remaining portion of the original tract of land conveyed by Madison Stephenson.

By deed dated January 5, 1923, Van M. Stephenson conveyed an easement in the land to the County Court of

Nicholas County, over and on which State Route No. 39, referred to in the petition as Route No. 19, was constructed. The easement was entered upon November 8, 1923, and the road was constructed prior to the year 1926. By deeds bearing date August 25, 1925, and August 5, 1929, respectively, Van M. Stephenson conveyed to said county court rights of way upon which county-district roads, now designated as secondary roads Nos. 19/14 and 19/15; were constructed prior to July 1, 1933, on which date the construction, maintenance, and control of said roads devolved upon the state road commission by operation of statute. Since the construction of the aforesaid roads, they have been continuously occupied, used, and maintained as a part of the road system of this State.

Respondent answered the petition admitting the allegations thereof, except that petitioners were vested with title to the rights of way in question. Respondent contends that this proceeding, if maintainable, should be against the County Court of Nicholas County; that the rights of way were established by operation of law under Code, 17-1-3, since they were constructed prior to July 1, 1933; and that they have been continuously "owned, occupied, used and maintained" by the State for more than ten years; that the lands occupied by the rights of way were taken and damaged more than five years before the institution of this proceeding, and therefore any action by petitioners is barred by the statute of limitations. Respondent also cites Code, 36-2-1, and 36-2-2, in support of his contention that petitioners had such estate in the land as could have been asserted by them prior to the death of Van M. Stephenson; and that their failure to do so sufficed to cause the running of time limitations hereinafter discussed.

Petitioners demurred to the answer of respondent upon the ground that the State's possession did not become adverse to the petitioners' rights and estate until Van M. Stephenson died on February 3, 1945, and that this proceeding was commenced in this Court on February 2, 1950.

In his brief, respondent also contends that the right of action, if any, would be barred by the following statute: "\* \* \* After a public road has been established and constructed heretofore or hereafter and used as such for a period of one year, and no claim for damages or compensation has been made, the right of way for such road shall vest in the county court or the State, as the case may be, and they shall not be liable for damage or compensation arising out of the construction of said road." Chapter 6, Acts of the Legislature, Regular Session, 1923, Section 138.

The following questions are presented in this proceeding: (1) May the respondent be compelled to bring a proceeding in eminent domain with respect to the easements or rights of way purchased from the owner of a defeasible, base or qualified fee by the county court of a county at a time when the responsibility for the acquisition of rights of way for state roads rested upon such court; (2) are the easements or rights of way here considered, established by operation of law, having been used and maintained by the county court and the state road commission for more than ten years; (3) is the right of action, if any, barred by the five-year statute of limitations; and (4) is the right of action barred by Chapter 6, Section 138, Acts of the Legislature, Regular Session, 1923.

Is the County Court of Nicholas County now responsible for the acquisition of the rights of way here considered? We have been cited to no authority and have found none which would place such responsibility upon the county court. The duty of acquiring the rights of way here considered was formerly imposed upon the county court, but since July 1, 1933, the state road commissioner under statutory provisions has been and is required to "take over the county-district roads and \*\*\*\* assume charge of their further construction, reconstruction and maintenance as a part of the state road system." Chapter 40, Article IV, Section 2, Acts of the Legislature, First Extraordinary Session, 1933. Section 4, Article IV, Chapter 40, *id.*, and Section 1 of Article X, Chapter 40, *id.* As to the

duty of the state road commissioner to acquire the rights of way necessary for roads and road maintenance, see Article II(a), Section 9, Subparagraph 10, Chapter 40, *id.,* as amended by Chapter 13, Acts of the Legislature, First Extraordinary Session, 1936. In view of the foregoing statutory provisions we perceive no authority now existing in the County Court of Nicholas County to acquire and pay for the rights of way here considered. The County Court of Nicholas County acquired such estate in the rights of way as Van M. Stephenson possessed at the time of the conveyance, and by operation of law the same estate so acquired by said court was transferred to the state road commissioner, no greater, no less.

Respondent has cited certain cases decided by this Court in support of his contention that he is absolved from the obligation to acquire title to the rights of way on account of the former duty imposed upon the County Court of Nicholas County. *Kinney* v. *County Court,* 110 W. Va. 17, 156 S. E. 748; *Carden* v. *County Court,* 110 W. Va. 195, 157 S. E. 41; *Hatcher.* v. *County Court,* 115 W. Va. 95, 174 S. E. 690; *Trump* v. *Road Commission,* 116 W. Va. 625, 182 S. E. 760. These cases are not applicable here. They involved the right to recover damages incurred by the construction of public roads for which rights of way had been previously obtained. In the instant case the rights of way theretofore acquired by the County Court of Nicholas County, which were transferred to the state road commissioner by operation of law, had terminated. The occupancy of the land by the public roads hereinabove mentioned constitutes a technical trespass, and will remain in that category until rights of way are lawfully acquired.

Prior to the death of Van M. Stephenson, the County Court of Nicholas County and the respondent, its successor in title, were properly in possession of the rights of way here considered, but upon the death of their grantor without a surviving child, his estate determined and the estate he granted to the County Court of Nicholas County likewise determined, notwithstanding his prior

conveyances to said court. *Tomlinson* v. *Nickell,* 24 W. Va. 148, 159. The present use and occupancy of these rights of way by respondent without having acquired the right to do so amount to the taking and possibly the damaging of private property for public use without just compensation in contravention of Section 9, Article III, Constitution of West Virginia.

Respondent's contention that the rights of way have been established by operation of law under the provisions of Code, 17-1-3, is not tenable in the circumstances of this case. That statutory provision would probably raise a conclusive presumption in a proper case that a road has been dedicated when used by the public for ten years or more, and public moneys have been expended thereon whether there is a formal dedication to the public use or not. A formal dedication by the petitioners is not here asserted or claimed. The application of Code, 17-1-3, depends upon the date petitioners acquired their estate in the land, which did not vest until the death of Van M. Stephenson. Therefore, the ten-year period therein provided did not commence to run until that event took place. Furthermore, the public's use of the road prior to the death of Van M. Stephenson was not adverse to the rights of the petitioners. Of course, a road may be validly established by user, but the use must be adverse. See *Ryan* v. *County Court,* 86 W. Va. 40, 102 S. E. 731. The use of the road by the public did not become adverse to the petitioners' rights until the death of Van M. Stephenson. *McIlvain* v. *Porter,* (Ky.) 7 S. W. 309; *Mettler* v. *Miller* (Ill.), 22 N. E. 529.

Respondent evidently relies upon the five-year statute of limitation reading in part as follows: "Every personal action for which no limitation is otherwise prescribed shall be brought * * * within five years from the time such action accrued. * * *". Code, 55-2-12, as amended. A right of action did not accrue to petitioners until Van M. Stephenson's death without surviving children. Van M. Stephenson having been seised of a base qualified or defeasible fee, he could convey no more estate to the County

Court of Nicholas County than he owned at that time. It is the established law of this jurisdiction that one who is seised of a base qualified fee may convey his estate, but that the quality of the estate follows such estate into the hands of the grantee and upon the happening of the contingency which causes a determination of such estate, the estate of the grantee terminates notwithstanding such conveyance. *Tomlinson* v. *Nickell, supra.* See *Talbott* v. *City of Norfolk* (Va.), 148 S. E. 865; *Straach* v. *Detterding* (Iowa), 161 N. W. 44; *Dunkel* v. *Homondustries* (N. Y.), 9 N. E. 2d 949; 4 Thompson on Real Property, Perm. Ed. 709. The petitioners had no cause of action until the death of Van M. Stephenson occurred without leaving surviving children. The cause of action having accrued within five years of the date of the institution of this proceeding, its prosecution is not barred by Code, 55-2-12.

The ownership of the fee simple estate in the land possessed by Van M. Stephenson was not determined, nor certain until his death. Prior to the death of Van M. Stephenson, Madison Stephenson's children had no more than the possibility of a reversion; hence, petitioners and those under whom they claim were not vested with either a present right or estate until that event. They possessed only the possibility that an estate might vest upon the happening of his death leaving no surviving children. No such estate or ownership was held by them prior to that event as would give them the right to protect their uncertain rights by a suit or proceeding under Code, 36-2-1 and 2. We do not think that the provisions of Code, 36-2-1 and 2 suffice to start the running of the time limitations herein discussed. Those sections of the Code deal with situations where title and ownership of land are so uncertain as to render them defective, so that sale or lease thereof cannot be made. *Geary* v. *Butts,* 84 W. Va. 348, 99 S. E. 492; *Brown* v. *Brown,* 83 W. Va. 415, 98 S. E. 428. In the instant case there was an uncertainty in the title, but that uncertainty could not be resolved or rendered certain until the death of Van M. Stephenson. If he had died leaving a child or children surviving him, the children

of Madison Stephenson would have had no estate in the land. Furthermore, Code, 36-2-1 and 2, being in derogation of the common law, must be strictly construed. *Kirk* v. *Webb,* 97 W. Va. 176, 124 S. E. 501; *Landsman Hirscheimer* v. *Radman,* 90 W. Va. 590, 111 S. E. 507; *State* v. *Glazovitch,* 88 W. Va. 614, 107 S. E. 291; *Carter* v. *Reserve Gas Co.,* 84 W. Va. 741, 100 S. E. 738; *Bank* v. *Thomas,* 75 W. Va. 321, 83 S. E. 985. At no time prior to the death of Van M. Stephenson did petitioners and those under whom they claim have any ownership of an estate which could have been asserted with certainty. The provisions of Code, 36-2-1 and 2 did not suffice to cause the running of the statute of limitations against the petitioners prior to the vesting of the fee simple estate in them. For a discussion of this principle, see 33 Am. Jur., Life Estates and Remainders, Section 264, *et seq.*

The portion of Section 138, Chapter 6, Acts of the Legislature, Regular Session, 1923, hereinabove quoted is, in our opinion, not applicable to this proceeding. In *Coal Co.* v. *County Court,* 115 W. Va. 568, 577, 178 S. E. 621, this Court said: "This statute has since been repealed. * * * It is clearly a statute of limitation." That portion of said Section 138, Chapter 6, here considered was omitted from the Code revision of 1931, and was, therefore, repealed by Code, 63-1-1. True the statute was in force when the rights of way were conveyed by Van M. Stephenson, but it was not effective when the fee simple estate vested in the petitioners. Having heretofore treated the applicable portion of Section 138, Chapter 6, as a statute of limitation, we are now disposed to so regard it. If we should treat Section 138, Chapter 6, *id.,* as a statute operating to vest title in the State and not as a statute of limitation, it would be of doubtful constitutionality, in that such application would permit the taking and damaging of private property for public purposes without just compensation. We are therefore of opinion that the quoted portion of Section 138, Chapter 6, Acts of the Legislature, Regular Session, 1923, is not effective to bar petitioners' rights in this proceeding.

In the enforcement of the constitutional provision with reference to the taking of private property to provide rights of way for public roads, this Court has established the principle that the state road commissioner, in a proper case and within a reasonable time, may be compelled by mandamus to institute proceedings in eminent domain to acquire the title to land necessary for such purpose. *Hardy* v. *Simpson,* 118 W. Va. 440, 445, 191 S. E. 47. The rights of petitioners in the land occupied by the rights of way are shown to be superior to that of the State. *Childers* v. *Road Commissioner,* 124 W. Va. 233, 19 S. E. 2d 611. Petitioners having shown a clear legal right to the performance of the duty to institute a proceeding in eminent domain, the writ of mandamus as prayed for will issue.

*Writ awarded.*